199 So.2d 117 (1967)
Milton F. FRANK, Appellant,
v.
STATE of Florida, Appellee.
No. I-52.
District Court of Appeal of Florida. First District.
May 23, 1967.
*118 Albert Datz, Jacksonville, for appellant.
Earl Faircloth, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
WIGGINTON, Acting Chief Judge.
Defendant has appealed a judgment of conviction and sentence based upon a jury verdict finding him guilty of unlawfully possessing narcotic drugs. The principal thrust of appellant's position is directed to the ruling of the trial court denying his request for a jury instruction on the issue of scienter.
The information on which appellant was tried contained two counts, the first charging him with the unlawful possession of morphine and the second with the unlawful possession of marijuana. The statute on which the prosecution was based is as follows, to wit:
"It is unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug, except as authorized in this chapter."[1]
With respect to count one, the only evidence adduced at the trial tending to prove appellant's unlawful possession of morphine consisted of a powdery substance found on a playing card lying on a dresser in appellant's bedroom which could not be positively identified as morphine. Even though the jury convicted appellant on this count, the verdict was set aside and a new trial granted because of the insufficiency of the evidence to prove the offense alleged. The trial court's order granting the new trial on count one is not questioned on this appeal, so no further comment on this phase of the case will be made.
With regard to count two, the evidence reveals that appellant, together with another man, shared an apartment in the City of Jacksonville. Only appellant was present in the apartment at the time he was arrested and the premises searched. This search revealed a vial of marijuana between the mattresses of one of the beds in the bedroom, another vial of marijuana secreted in a vase, another vial concealed in the drawer of a night table in the bedroom, and two smoking pipes which, upon chemical analysis, revealed had been used for smoking marijuana. Appellant denied any knowledge of the presence of the marijuana in the apartment, and denied that the pipes in question belonged to or were ever used by him. Appellant's roommate had equal custody and control of the apartment, and equal access to the places where the contraband items were found.
At the conclusion of the trial appellant requested the court to charge the jury on the issue of scienter by the following instruction, to wit:
"The mere fact that a person is found to be in possession of a narcotic drug is not sufficient in and of itself to warrant your convicting such person of the crime of possessing that drug, unless you believe, beyond a reasonable doubt, that the *119 person so charged knew that he was in possession of such narcotic drug."
In denying the foregoing instruction requested by appellant, the trial court said:
"Well, this man is living in the small apartment and it was on the vanity right by him. (This statement has reference to the playing card on which was discovered some white powder assumed but not shown to have been morphine.) I am going to give the same Charge that I always give. It would be very difficult for the State to prove that this man had knowledge of it. It was his apartment and he was living there. It was found in his apartment. The pipe and vials and the powder, it was all there. It was out in the open. All right, bring the Jury in."
During the course of his instructions to the jury, the trial court gave what was referred to in the above-quoted colloquy as his regular charge, as follows:
"The other essential which the State must prove beyond a reasonable doubt before you would be justified in finding the Defendant guilty of the second count of this information are that this Defendant did unlawfully possess a narcotic drug, to-wit, a quantity of cannabis, commonly known as marijuana.
"Gentlemen, possession is usually defined as having personal charge of or exercising the right of ownership, management, or control of the property in question."
In the case of Cohen v. State[2] appellant was prosecuted for violating the statute which condemned the selling of obscene periodicals. That statute, like the one here considered, merely prohibited the selling of any obscene book, magazine or periodical, but did not provide in so many words that knowledge of the obscene character of the periodical must be known to the accused. In interpreting that statute the Supreme Court in Cohen said that the statute impliedly included scienter or knowledge of the character of the matter as an element of the offense, and must be established by proof.
In State v. Scarborough[3] the Second District Court of Appeal construed the section of the uniform narcotic drug law which prohibits the obtaining or attempt to obtain a prescription for a narcotic drug by fraud, deceit, etc., or by a forged or altered prescription, etc. This statute likewise is silent with respect to the requirement of knowledge by the person charged that the prescription which they passed was forged, much as the statute now under consideration by us is silent with respect to any requirement of knowledge. In construing the statute, the court in Scarborough said:
"* * * Knowledge or scienter is implicit in the language of the statute and thus it does not have to be alleged separately."
The case of Spataro v. State[4] decided by the Second District Court of Appeal is similar in many respects to the one which we now review. In Spataro, two women jointly occupied a house and shared the same bedroom. The house was searched during the absence of defendant but in the presence of her roommate, and a quantity of marijuana was found in a drawer of a dresser used exclusively by defendant and located in the bedroom jointly occupied by her. More marijuana was found in the clothes closet of the same room and in a suitcase beside the dresser. The evidence revealed other incriminating statements and circumstances tending to establish by inference that defendant knew of the presence of the marijuana in the home at the time *120 it was discovered. In commenting upon the law with respect to scienter or knowledge, the Second District Court of Appeal said:
"The precise question which we must decide is whether or not such facts support the finding that the defendant unlawfully `possessed' a narcotic drug within the meaning of § 398.03, Fla. Stat., F.S.A. This statute is a section of the Uniform Narcotic Drug Law, § 398.01, Fla. Stat., F.S.A., which has been adopted by 46 states, the District of Columbia and Puerto Rico. What constitutes `possession' of a narcotic drug within the meaning of the Uniform Narcotic Drug Act is the subject of an extensive annotation in 91 A.L.R.2d, beginning at page 810. At this date, the Florida courts have not been called upon to define the word `possess' as it is used in § 398.03, Fla. Stat., F.S.A. The Florida Supreme Court, however, construed the word `possession' in a case dealing with the unlawful possession of intoxicating liquor in Reynolds v. State, 1927, 92 Fla. 1038, 111 So. 285. The definition that the Supreme Court gave to the word `possession' in the Reynolds case is basically the same as that given by the state courts from other jurisdictions in interpreting the Uniform Narcotic Drug Act. The Reynolds case and the cases referred to in the annotation, supra, require the state to prove that the defendant had physical or constructive possession of the object or thing possessed, coupled with his knowledge of its presence.
"The accused has `constructive possession' of a chattel where he has knowledge of its presence coupled with the ability to maintain control over it or reduce it to his physical possession, even though he does not have actual personal dominion. People v. Fox, 1962, 24 Ill.2d 581, 182 N.E.2d 692. The courts have not encountered difficulty where the accused has had actual physical possession. Nor have they had difficulty where the accused has had `exclusive' control or access to the property where the chattel was found. This has not been true, however, in those cases where several people have had access to the property, and the defendant had only constructive possession. It should be noted that possession need not be `exclusive,' but may be joint with one or more persons. Bourg v. United States, 5 Cir.1960, 286 F.2d 124. Evans v. United States, supra, is quite similar to the case presently before this court. That court, in finding the evidence sufficient to support the verdict, stated:
"`Where one has exclusive possession of a home or apartment in which narcotics are found, it may be inferred * * * that such person knew of the presence of the narcotic and had control of them.
"`* * * But [where the accused has not been] in exclusive possession of the premises, it may not be inferred that he knew of the presence of the narcotics and had control of them, unless there are other incriminating statements or circumstances tending to buttress such an inference.' 9 Cir., 257 F.2d 121, 128."
From the foregoing it appears to be established in this state that before one charged with unlawfully possessing narcotic drugs may be convicted, the State must establish beyond a reasonable doubt that the accused knew of the presence of the narcotic drugs on premises occupied and controlled by him, either exclusively or jointly with others. If the premises on which the drugs are found are in the exclusive possession and control of the accused, knowledge of their presence on such premises coupled with his ability to maintain control over them may be inferred. Although no further proof of knowledge by the State is required in cases of exclusive possession by the accused, the inference of knowledge is rebuttable and not conclusive. If the premises on which the drugs are found is not in the exclusive but only in the joint possession of the accused, knowledge *121 of the drugs' presence on the premises and the ability to maintain control over them by the accused will not be inferred but must be established by proof. Such proof may consist either of evidence establishing actual knowledge by the accused, or evidence of incriminating statements and circumstances from which a jury might lawfully infer knowledge by the accused of the drugs' presence on the premises. In any event, the question of scienter or knowledge is one which must be resolved by the jury under the evidence in the case and upon proper instruction by the court embodying the principles discussed above.
It is our view that the trial court erred in refusing to instruct the jury on the issue of scienter or knowledge merely because, as stated by it, this element of the offense would be difficult for the State to prove. It is our further view that the instructions characterized by the court as its "usual charge" in which it defined the term "possession" was not sufficient to constitute an adequate charge on the issue of scienter or knowledge. Under the charge given by the court, and relied on by appellee to support the judgment appealed, the jury would first have to infer from appellant's joint occupancy of the apartment that he was in possession of and maintained control over the contraband articles found in the apartment. The jury would then be required to go further and construct upon that inference a further inference that he had knowledge of the presence of such contraband on the premises. Such a process of reasoning to reach the ultimate conclusion, if indulged by the jury, would violate a later portion of the court's charge in which it instructed the jury:
"You are justified in your consideration of the evidence in drawing reasonable inferences from proven facts but inference cannot be based upon inference."
Proof of either actual or inferred knowledge by the accused that the contraband articles were on the premises occupied by him at the time they were discovered is an essential and indispensable element of the offense which must be established. Scienter constitutes a factual issue to be resolved by the jury upon proper instructions as to the legal principles pertinent to its consideration. This is not a mere technicality in the law, but a legal principle which must be observed in order to safeguard innocent persons from being made the victims of unlawful acts perpetrated by others, and of which they have no knowledge. It is a safeguard which must be preserved in the interest of justice so that the constitutional rights of our citizens may be preserved. For these reasons it is our view that the error committed by the trial judge so infects the judgment that it should not be permitted to stand.
By his point two on appeal appellant challenges the correctness of the trial court's ruling which denied his motion to suppress the evidence introduced against him predicated upon the contention that the search in which the evidence was seized by the police officers was illegal and in violation of his constitutional rights. At the time this case was tried, and in ruling upon appellant's motion to suppress the evidence, the trial judge did not have the advantage of the decisions subsequently rendered by this court in Stanley v. State[5] and by the Third District Court of Appeal in O'Neil v. State.[6] The facts in the two cited cases are similar in many respects, but not identical to those in the case sub judice. In each of those cases, on the facts revealed by the evidence it was held that the search made of appellant's residence was illegal and the evidence should have been suppressed. We do not now hold that either or both of the cited decisions support appellant's contention on this appeal, and we refrain from passing upon this point presented by his brief. If upon the retrial *122 of this cause appellant reasserts his motion to suppress the evidence on the ground that the search was illegal, the trial court is directed, upon the evidence then before it, to consider its decision in light of the Stanley and O'Neil cases hereinabove referred to, together with other precedent relevant to the question to be decided.
We have carefully considered appellant's third point on appeal but find it to be without substantial merit.
The judgment appealed is reversed and the cause remanded for further proceedings consistent with the views expressed herein.
JOHNSON and SPECTOR, JJ., concur.
NOTES
[1] F.S. § 398.03, F.S.A.
[2] Cohen v. State, (Fla. 1960) 125 So.2d 560.
[3] State v. Scarborough, (Fla.App. 1965) 170 So.2d 458.
[4] Spataro v. State, (Fla.App. 1965) 179 So.2d 873, 876, 877.
[5] Stanley v. State, (Fla.App. 1966) 189 So.2d 898.
[6] O'Neil v. State, (Fla.App. 1967) 194 So.2d 40.