226 So.2d 359 (1969)
Charles Ralph CHARIOTT and Robert Lewis Fixel, Appellants,
v.
STATE of Florida, Appellee.
Nos. 68-875, 68-876.
District Court of Appeal of Florida. Third District.
September 16, 1969.
Ellis Rubin, Miami Beach, for appellants.
Earl Faircloth, Atty. Gen., and Melvin Grossman, Asst. Atty. Gen., for appellee.
Before BARKDULL, HENDRY and SWANN, JJ.
SWANN, Judge.
The defendants below, Chariott and Fixel, appeal from their convictions and sentences for possession of narcotics to-wit marijuana. Their appeals have been consolidated.
They challenge the legality of their arrests asserting that there was insufficient probable cause for the arrest; they challenge the search of an automobile and seizure of a cigar box containing marijuana on the grounds that the search and seizure were illegal and improper and finally they challenge the sufficiency of the evidence to sustain their convictions.
The testimony of the arresting officers was conflicting but was resolved by the trial judge adversely to the defendants. The evidence in the record is sufficient to sustain the finding of probable cause for the arrest of these defendants without a warrant and for the search of the automobile and the seizure of the marijuana found therein.
We reach a different conclusion, however, after considering the sufficiency of *360 the evidence introduced to convict these defendants.
The evidence introduced proved that Chariott was driving a car owned by a third party and loaned to Chariott. A search of the car resulted in the seizure of a cigar box containing material that appeared to be marijuana from under the driver's seat. Chariott was also wearing a little leather bag on a leather string around his neck which contained small pieces of tobacco-like material suspected by the officers to be marijuana. The testimony reveals that tests by a chemist verified that the materials were marijuana.
We, therefore, find sufficient, competent evidence to sustain the conviction and sentence of Chariott.
The record reveals no marijuana was found on the person of Fixel. The marijuana discovered in the car in which he was a passenger was in a cigar box under the seat of the driver, Chariott, and the car was owned by a third person. There was no proof that Fixel knew of the presence of the marijuana in the car or that he had any control or right of possession to either the car or narcotics. In other words, there was insufficient proof of scienter or knowledge on the part of Fixel to prove that he was in possession or control of narcotics or of the automobile.
The conviction and sentence of Fixel be and the same is, therefore, reversed. See Frank v. State of Florida, Fla.App. 1967, 199 So.2d 117 and Markman v. State of Florida, Fla.App. 1968, 210 So.2d 486.
The judgment and sentence of Chariott is affirmed. The judgment and sentence of Fixel is reversed and remanded for the entry of an order discharging the defendant, Fixel, from the cause.
It is so ordered.