ON PETITION FOR REHEARING
PER CURIAM.
The court below did not fully and sufficiently instruct the jury as to the burden of proof placed upon the State on the issue of scienter or knowledge of the appellant Baier as to the presence of the marijuana and his ability to maintain control over it. Mr. Baier was merely a visitor in the home of the other two appellants and had no proprietary interest whatsoever in the premises on which the marijuana was located.
In Frank v. State, Fla.App.1967, 199 So.2d 117, it was held at page 120:
“If the premises on which the drugs are found is not in the exclusive but only in the joint possession of the accused, knowledge of the drugs’ presence on the premises and the ability to maintain control over them by the accused will not be inferred but must be established by proof.”
There is a conflict in the record as to whether or not appellant Baier had any knowledge whatsoever of the marijuana growing in the backyard' of the premises. Appellant Baier, being strictly a visitor on the premises and having no proprietary interest whatsoever in them, was entitled under the Frank case, supra, to a full, complete and sufficient instruction on the issue of scienter and his ability to maintain control over the marijuana, which was *508 not afforded to him under the instruction given by the trial court.
For the reasons stated above the judgment and sentence of appellant Baier is reversed and the case is remanded for a new trial.
HOBSON, C. J., and McNULTY, J., concur.
MANN, J., dissents.