235 So.2d 321 (1970)
Thomas LANGDON, Appellant,
v.
The STATE of Florida, Appellee.
No. 69-760.
District Court of Appeal of Florida, Third District.
May 13, 1970.
Hughlan Long, Public Defender, and Alan S. Becker, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Melvin Grossman, Asst. Atty. Gen., for appellee.
Before PEARSON, C.J., and HENDRY and SWANN, JJ.
PEARSON, Chief Judge.
The appellant was adjudged guilty of the unlawful possession of marijuana, and this appeal is from that conviction.
One of the two points upon appeal urges a procedural error. Our review of the record convinces us that the claimed procedural error was not prejudicial to the appellant. Therefore we do not further consider the point. See Jeffcoat v. State, 103 Fla. 466, 138 So. 385, 388 (1931).
The second point urges that the evidence is insufficient to establish that appellant was guilty of the crime as a matter of law. We agree and reverse.
The appellant was one of eight occupants of a bus in which the investigating officer discovered a small quantity of marijuana. Appellant was tried with four others who were arrested at the same time. The trial judge directed a verdict as to three of the five. The record reveals no difference as to the evidence concerning the appellant and the defendants receiving directed verdicts except that appellant admitted he and three others lived in the bus. Appellant did not own the bus.
Appellant relies upon Frank v. State, Fla.App. 1967, 199 So.2d 117, and Markmam v. State, Fla.App. 1968, 210 So.2d 486, for reversal. These cases stand for the rule that where the defendant has joint control of the premises where contraband is discovered the evidence must go further and show that the defendant had some knowledge that the contraband was on the premises. The evidence against the appellant does not meet this test.
The state relies upon this court's decision in Zicca v. State, Fla.App. 1970, 232 So.2d 414, for affirmance. We think the cases are clearly distinguishable. In the Zicca case this court held that the trier of fact could have found the defendant had knowledge the marijuana was in the bus because: (1) the marijuana was in open view in a plastic container; (2) the defendant was *322 the owner and the operator of the bus at the time of the arrest.
The instant record contains no evidence from which the trier of fact could determine that the appellant had possession or control of the marijuana. The evidence is not only subject to the hypothesis of appellant's guilt but is also subject to the equally reasonable hypothesis of his innocence in that the marijuana was in the possession of one of the co-defendants.
Reversed and remanded with directions to discharge the appellant.