245 So.2d 282 (1971)
Richard E. KIRTLEY and Susan Estelle Perez, Appellants,
v.
The STATE of Florida, Appellee.
No. 70-882.
District Court of Appeal of Florida, Third District.
March 9, 1971.
*283 Phillip A. Hubbart, Public Defender, and Alan S. Becker, Asst. Public Defender, for appellants.
Robert L. Shevin, Atty. Gen., and Melvin Grossman, Asst. Atty. Gen., for appellee.
Before BARKDULL, HENDRY and SWANN, JJ.
PER CURIAM.
The appellants were charged and convicted of the possession of marijuana, possession of LSD and possession of narcotic paraphernalia, and sentenced accordingly. This appeal ensued, the principal point relied on for reversal being the sufficiency of the State's evidence to withstand the defendants' motion for directed verdict at the close of the State's case.
The State's evidence was circumstantial and based on the fact that the appellant, Kirtley, had rented motel facilities wherein marijuana, LSD and narcotic paraphernalia were found. The appellant, Perez, was allegedly living with Kirtley. The State's evidence in chief disclosed that even though Kirtley may have registered for the motel accommodations, these were not in his exclusive possession; and even though the items upon which the convictions were based were found therein, it was incumbent upon the State to show actual knowledge by Kirtley and/or Perez of the existence of the contraband. See: Frank v. State, Fla.App. 1967, 199 So.2d 117; Markman v. State, Fla.App. 1968, 210 So.2d 486; Langdon v. State, Fla.App. 1970, 235 So.2d 321. This not having been done, the State failed to make a prima facie case and the motion for directed verdict should have been granted.
It was clear from the State's evidence in chief that there had been a number of people in and out of the premises involved on the day in question; none of the evidence placed the appellants in the premises; and the evidence totally failed to demonstrate any actual knowledge of the contraband on the premises. Therefore, the judgments and convictions be and the same are hereby set aside, with directions to discharge the defendants in the trial court.
Reversed with directions.