276 So.2d 91 (1973)
Clarence SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 72-437.
District Court of Appeal of Florida, Fourth District.
March 28, 1973.
Rehearing Denied April 24, 1973.
*92 F. Malcolm Cunningham, of Cunningham & Cunningham, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Nelson E. Bailey, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Judge.
Based on circumstantial evidence, the defendant was convicted of possession of marijuana and drug paraphernalia. We reverse and remand for a new trial because of the insufficiency of the evidence.
Four persons had joint possession of a two bedroom residence. They were the defendant's mother who was head of the household, her boyfriend, the defendant and the defendant's brother.
The concealed contraband was found secreted in a closet of one of the bedrooms and in one of the drawers of a chest of drawers in the same bedroom.
Three beds were found and from the evidence before the jury we do not know the size, location, or the particular sleeping arrangements whereby they were used. Depending upon the proprieties, vel non, we feel we can safely infer that either the mother slept alone in one bedroom with the three men in the other, or, that the mother and friend slept in one bedroom, while defendant and his brother slept in the other. We are unable to reach any reasonable hypothesis which would find the defendant sleeping alone in the bedroom where the contraband was found so as to put him in exclusive possession and control of the premises containing the contraband and the state does not contend otherwise. See Torres v. State, Fla.App. 1971, 253 So.2d 450; Kirtley v. State, Fla.App. 1971, 245 So.2d 282; Langdon v. State, Fla.App. 1970, 235 So.2d 321; Markman v. State, Fla.App. 1968, 210 So.2d 486; Frank v. State, Fla.App. 1967, 199 So.2d 117; Spataro v. State, Fla.App. 1965, 179 So.2d 873.
The evidence mentioned two chests of drawers. The marijuana was found in one drawer. One of the searching officers testified without specificity that he recalled seeing some kind of identification card and envelopes with the defendant's name thereon in one of the drawers, but in a different drawer from that containing the narcotic. This would, of course, tend to link defendant to the possession of that chest in question.
Remembering that we have four people and two chests, we feel the proper inference to be gained is that two people shared each chest. This being true, it was equally likely that with regard to the chest where the marijuana was found that the critical drawer belonged to either one of the other inhabitants or to the defendant.
Where drugs are found on premises in joint possession, the proof must establish both the accused's knowledge of the drug's presence and his ability to maintain control over them. Frank v. State, supra; Markman v. State, supra. The proof may consist of either actual knowledge or evidence of incriminating circumstances from which a jury could infer knowledge by the accused of the drug's presence on the premises. Frank v. State, supra. Merely having been present or being present where marijuana is found is not sufficient proof of possession where there is no exclusive possession of the premises. See Arant v. State, Fla.App. 1972, 256 So.2d 515. *93 On the proofs this case differs markedly from Spataro v. State, supra. There the defendant shared a bedroom, dresser and closet with another. However, in that case the evidence indicated which particular drawer defendant used, where the marijuana was found and that defendant shared the closet. The evidence showed that marijuana was found in the particular drawer used by defendant and in the closet to which she had access. There the evidence warranted a conclusion that defendant knew of the presence of the narcotics and had the ability to reduce it to her personal dominion. Here the state's proofs fall far short.
In our opinion the state has failed to prove by the circumstantial evidence presented that defendant had either actual or constructive possession of the marijuana. Circumstantial evidence must be so strong and convincing as to exclude every reasonable hypothesis except defendant's guilt, Lockett v. State, Fla.App. 1972, 262 So.2d 253; Williams v. State, Fla.App. 1968, 206 So.2d 446; Guarino v. State, Fla.App. 1961, 133 So.2d 596, and must exclude any reasonable hypothesis of defendant's innocence, Forbes v. State, Fla.App. 1968, 210 So.2d 246. Circumstantial evidence must conclusively point to guilt and must be something greater than a suspicion or probability, Davis v. State, Fla. 1956, 90 So.2d 629; Smith v. State, Fla.App. 1966, 194 So.2d 310.
Here there are other hypotheses consistent with the proofs other than an inference that defendant had actual or constructive possession of the marijuana. The other hypothesis is that one of the other inhabitants had actual or constructive possession of the bedroom, closet and drawer where the contraband was found.
We reverse and remand for a new trial.
Reversed and remanded.
CROSS and MAGER, JJ., concur.