276 So.2d 191 (1973)
John Leo GRIFFIN, Appellant,
v.
STATE of Florida, Appellee.
No. 71-943.
District Court of Appeal of Florida, Fourth District.
April 9, 1973.
Rehearing Denied May 8, 1973.
Emmett A. Moran and James K. Freeland, Orlando, for appellant.
No appearance for appellee.
REED, Chief Judge.
This is an appeal by the defendant below from a judgment and sentence entered by the Circuit Court for Seminole County, Florida. The basic issue is whether or not the trial court erred in failing to grant a motion for a judgment of acquittal at the close of the state's evidence.
The action was commenced in the trial court by the filing of a two count information which charged the defendant with unlawful possession or control on 22 October 1970 of marijuana in violation of F.S. § 398.03, F.S.A. and LSD in violation of "§ 404.04(4), F.S." (the statutory reference should have been to § 404.02(5), F.S. 1969), F.S.A. The defendant pled not guilty and the cause went to trial before a jury on 13 May 1971. At the close of the state's evidence, the defendant moved for a judgment *192 of acquittal on the ground that the state had failed to present sufficient evidence to raise issues for the jury to determine. The motion was denied and the cause was submitted to the jury which returned a verdict of guilty on 14 May 1971. On 26 October 1971 the defendant was adjudged guilty and sentenced to 6 months to 5 years for possession of marijuana and 6 months to 2 years for possession of LSD, both sentences to run concurrently.
The state presented its case basically through the use of three witnesses who testified to the presence of drugs at a home occupied by the defendant in Longwood, Florida, and an expert witness who identified the drugs as marijuana and LSD. The state's first witness, Mr. George Abje, a deputy sheriff in Seminole County, testified that he arrived at the aforementioned house at about 10:30 to 11:00 p.m. on 22 October 1970. He found the defendant's brother standing in the front yard. Defendant subsequently arrived. Deputy Abje then read a search warrant to the defendant and remained on the premises while other investigators searched the house. According to Mr. Abje, when the defendant was asked to enter the house, he told the various officers present to get off his property.
The state's witness, Danny Lane, was also employed by the Seminole County Sheriff's Office. Deputy Lane testified that he had surveilled the premises in question for "maybe" seven days before the night of the raid, and had seen the defendant at the premises "several times", but had also seen numerous other people enter the house on the premises. Deputy Lane testified that he arrived at the defendant's house at 10:30 p.m. on the night of 22 October 1970. The defendant, according to Deputy Lane, arrived on the premises five to ten minutes later. Deputy Lane testified that the search of the house revealed: (1) a "baggie" of leafy vegetable material lying in plain sight on top of a stereo console just inside the front door; (2) in the northwest bedroom, a brown suitcase with some leafy material and stems inside; (3) in the bathroom, a small vial containing some green tablets; (4) in the Florida room in a basket in a desk drawer, a large capsule containing a whitish pink substance; and (5) on a coffee table in the Florida room a pipe which contained a cigarette butt. The state's chemist identified the cigarette butt and the residue in the pipe as marijuana. He also identified the contents of the baggie as marijuana and the pills and the contents of the capsule as LSD.
The next witness for the state, Lionel Harrell, another deputy sheriff with the Seminole County Sheriff's Department, testified that on the night of the raid he was on the front lawn of the house when the defendant arrived. Deputy Harrell testified that the defendant on his arrival stated that the property was his and that those present were to leave.
The operative language in the statutes under which the defendant was charged is as follows:
"404.02 ...
The following shall be unlawful:
... (5) The actual or constructive control of an hallucinogenic drug by any person, ..."
and
"398.03 ...
It is unlawful for any person to ... possess, have under his control, ... any narcotic drug ...".
Possession or control for purposes of these statutes means either actual physical possession with knowledge of the same or constructive possession which is the situation where a person knows of the presence of the item on or about his premises and has the ability to maintain control over the same. Frank v. State, Fla.App. 1967, 199 So.2d 117.
The conviction in the present case must rest on constructive possession in *193 view of the fact that the defendant was not physically possessed of the contraband. The narrow issue becomes whether or not the state's evidence was sufficient to present a jury issue on the question of the defendant's knowledge of the presence of the drugs inside his house.
It will be recalled that the defendant was not present in the house until after the raid commenced. Although the state's evidence shows that during a period of seven days prior to the raid, the defendant was seen about the premises on several occasions, the state's evidence also shows that numerous other persons were seen entering and leaving the house. The state's evidence fails to show that the defendant was in the exclusive possession and control of the house either at the time of the raid or at any time prior thereto. Compare Kirtley v. State, Fla.App. 1971, 245 So.2d 282. It is true that there was unrebutted testimony to the effect that the defendant directed the officers to get off his property, but this is not an admission of exclusive possession.
The problem of proving knowledge of the presence of drugs in circumstances similar to those presented by this record has been considered in other cases which have developed the rule that where a defendant is not shown to have had exclusive possession of premises on which drugs are found, the state must present other evidence which forms a reasonable basis for an inference that defendant knew of the presence of the drugs. By other evidence is meant evidence other than the evidence of the defendant's non-exclusive possession of the premises. See Arant v. State, Fla. App. 1972, 256 So.2d 515, Torres v. State, Fla.App. 1971, 253 So.2d 450, Kirtley v. State, Fla.App. 1971, 245 So.2d 282, Brown v. State, Fla.App. 1970, 240 So.2d 507, cert. denied, 244 So.2d 435, and Frank v. State, supra.
We fail to find in this record that the state presented sufficient other evidence to provide a reasonable basis for a jury to infer that the defendant knew of the presence of the narcotics in his premises at the time they were discovered by the arresting officers. To reiterate, the state failed to prove when the defendant was last in the premises prior to the time of the raid, but did prove that the premises had been occupied by numerous other persons during the seven days prior to the raid.
We hold that the state failed to make out a prima facie case under the statutes involved and that the trial judge erred in denying the defendant's motion for a judgment of acquittal at the close of the state's case.
For the foregoing reasons, the judgment is reversed, the sentence is quashed, and the defendant is discharged.
Reversed.
CROSS and MAGER, JJ., concur.