279 So.2d 41 (1973)
Walter L. MEDLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 71-1066.
District Court of Appeal of Florida, Fourth District.
June 6, 1973.
Rehearing Denied July 2, 1973.
Michael F. Cycmanick, and James M. Russ, of Law Offices of James M. Russ, Orlando, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Andrew I. Friedrich, Asst. Atty. Gen., West Palm Beach, for appellee.
REED, Chief Judge.
This is an appeal from a conviction for possession of barbiturates and central nervous system stimulates in violation of § 404.02, F.S. 1969, F.S.A. At the close of the state's case, the defendant moved for a judgment of acquittal. It was denied. Following the rendition of the verdict, the defendant moved for a new trial on the *42 ground that the evidence was insufficient. The motion was denied, the defendant was adjudicated guilty, and sentenced.
The defendant raises numerous points on appeal, but one point is dispositive of the entire cause. That is the point going to the sufficiency of the evidence to support the jury verdict.
Factually it appears from the briefs of the parties that the defendant's home was searched and found to contain certain drugs, the possession of which formed the basis of the information in this case. The defendant was not present at the time the drugs were found, although his brother and two other persons were present in his house at the time.
The operative language of the statute under which the defendant was charged, § 404.02(4), F.S. 1969, F.S.A., provides:
"404.02 ... The following shall be unlawful:
* * * * * *
(4) The actual or constructive possession or control of a barbiturate, central nervous system stimulant or other drug controlled by this chapter .. .".
* * * * * *
Because the defendant was not in actual physical possession of the drugs when they were seized, the conviction, of necessity, had to rest on constructive possession. Constructive possession exists where a person without the manual possession of an item known of its presence on or about his premises and has the ability to maintain control over the same. Griffin v. State, 276 So.2d 191, Fla. 4DCA, opinion filed April 9, 1973.
The narrow issue here, as in the Griffin case, is whether or not the state's evidence was sufficient to present a jury issue on the question of the defendant's knowledge of the presence of the drugs inside his house. The state contends that the evidence shows that the residence where the drugs were found was in the exclusive possession of the defendant and that knowledge of the presence of the drugs could be inferred from the fact of that possession. If the evidence were in this condition we would certainly agree with the state. But the evidence simply does not support this contention. The state has called to our attention eight pages of testimony to support its factual theory. We have scanned those pages repeatedly and cannot find therein any evidence from which a jury could have inferred that the premises (or even the room) where the drugs were found were exclusively occupied by the defendant. The most that is reflected by that testimony is that the defendant owned the house where the drugs were found. This is not probative of the issue of exclusive possession or occupancy. It is a frequent occurrence for one to own real estate and not occupy it exclusively.
Where premises are not in the exclusive possession of one charged with drug possession, the state, in order to prove knowledge of the presence of the drugs, must present other evidence which forms a reasonable basis for an inference that the defendant knew of the presence of the drugs. By "other evidence" is meant evidence other than evidence of the defendant's non-exclusive possession of the premises. Griffin v. State, supra; Smith v. State, 276 So.2d 91, Fla. 4DCA, Opinion filed March 28, 1973. In the present case, no such other evidence has been called to our attention by the state and our review of the record has revealed none. We hold, therefore, that the evidence of possession was insufficient to have permitted the cause to go to the jury and that the trial court erred in failing to grant defendant's motion for a judgment of acquittal.
For the foregoing reasons, the judgment is reversed, the sentence is quashed and the defendant is discharged.
Reversed.
CROSS and MAGER, JJ., concur.