PER CURIAM.
This is an appeal from two judgments of conviction and sentences thereon for possession of marijuana.
Two separate informations were filed charging defendant with (1) possession of marijuana as a result of a raid made on a house in Longwood, Florida, (2) possession of marijuana as a result of a raid made on a business establishment in Sanford, Florida. Both informations were consolidated for trial. We have examined the record with particular reference to defendant’s allegation that the evidence was insufficient to support the requisite element of exclusive or constructive possession of the drugs in question and are of the opinion that under the rationale of Frank v. State, Fla.App.1967, 199 So.2d 117, the evidence was insufficient to support the judgment of conviction in Information No. 3S9S. Accordingly, the judgment and sentence in Information No. 3595 is hereby reversed. Langdon v. State, Fla.App.1970, 235 So.2d 321; Brown v. State, Fla.App. 1970, 240 So.2d 507; Markman v. State, Fla.App.1968, 210 So.2d 486; Kirtley v. State, Fla.App. 1971, 245 So.2d 282; Torres v. State, Fla.App.1971, 253 So.2d 450; and Arant v. State, Fla.App.1972, 256 So.2d 515.
However, with respect to defendant’s judgment of conviction in Information No. 3594, the evidence presented formed a reasonable basis for the inference that defendant knew of the presence of the drugs. See Medlin v. State, Fourth District Court of Appeal, 279 So.2d 41, opinion filed June 6, 1973; cf. Smith v. State, Supreme Court of Florida, 279 So.2d 27, opinion filed June 6, 1973. Accordingly, the judgment and conviction of sentence in Information No. 3594 is affirmed.
We have considered appellant’s other points on appeal and find them to be without substantial merit.
Reversed, in part; affirmed, in part.
REED, CROSS and MAGER, JJ„ concur.