PER CURIAM.
Defendant was convicted of three counts charging him with violation of the lottery *131 laws. Defendant contends that the court erred in denying his motion for directed verdict of acquittal. Based upon our review of the evidence in the record we are of the opinion that the state failed to make a prima facie case and the motion for directed verdict should have been granted.
The state’s evidence of possession of lottery tickets, lottery paraphernalia and assisting in the conduct of a lottery was circumstantial arid based on the fact that defendant resided on the premises wherein the contraband was found. The evidence revealed that other persons, in addition to the defendant, occupied the subject premises and that such premises was not in the exclusive possession and control of the accused.[1]
Where contraband is found on premises in joint possession the proof must establish both the accused’s knowledge of the contraband’s presence and his ability to maintain control over it. Smith v. State, Fla.App.1973, 276 So.2d 91. The proof may consist of either actual knowledge or evidence of incriminating circumstances from which a jury could infer knowledge by the accused of the presence of contraband on the premises; merely having been present or being present where such contraband is found is not sufficient proof of possession where there is no exclusive possession of the premises. Smith v. State, supra; Medlin v. State, Fla.App.1973, 279 So.2d 41; Arant v. State, Fla.App.1972, 256 So.2d 515; Markman v. State, Fla.App.1968, 210 So.2d 486; Kirtley v. State, Fla.App.1971, 245 So.2d 282; Torres v. State, Fla.App.1971, 253 So.2d 450; Frank v. State, Fla.App.1967, 199 So.2d 117. See also, Miller v. State, Fla.App.1964, 170 So.2d 319; compare with Lattimore v. State, Fla.App.1968, 214 So.2d 771.
Accordingly, the judgment and sentence herein is vacated and the cause remanded to the trial court with directions to discharge the defendant.
CROSS and MAGER, JJ., and SMITH, CULVER, Associate Judge, concur.

. The testimony is unrefuted that the items seized came from rooms other than the bedroom which defendant claimed he had rented.