MANN, Chief Judge.
The appellant’s brief ends with a statement that “The state must exclude all HYPOTHESES OF INNOCENCE”, citing a number of Florida cases.[1] We restate the proposition: The state must exclude all reasonable hypotheses of innocence. Here is what happened:
Riutta dropped a small pistol on the floor of a tavern. He picked it up and placed it inside his boot. A customer who saw the incident advised the owner, who asked Riutta to leave. Riutta entered his car and backed up rapidly onto a vacant field. The door of the car opened. He was there 30 to 45 seconds, then pulled out onto the highway. The Chief of Police was there immediately and pulled Riutta over. The customer who had witnessed the incident ran up to the police car, shouting that the driver had a gyn. The officer did not find the weapon, but arrested Riut-ta for driving while intoxicated. The Chief of Police returned with the witness to the tavern and searched the vacant field. They located the tracks of defendant’s car and saw near them a dry paper bag on the damp ground. In it was the pistol identified as the defendant’s. In it also was marijuana, the value of which was estimated at $100. The tavern owner testified that he and his wife kept the vacant lot cleared of debris. The officer testified that there was no other debris in the vicinity. Riutta would like for the jury to believe that he jettisoned his weapon into someone else’s paper bag. We think that the state has sufficiently excluded all credible hypotheses of innocence and that no *621 reasonable jury could believe anything except that when he left the tavern Riutta had been in possession of both the weapon and the marijuana. Consequently, he was lawfully convicted of possession of marijuana.
Affirmed.
HOBSON and McNULTY, JJ., concur.

. Whitehead v. State, Fla.App.2d 1973, 273 So.2d 146; Herring v. State, Fla.App.3d 1960, 121 So.2d 807; Pacetti v. State, Fla. App.2d 1963, 157 So.2d 445; Langdon v. State, Fla.App.3d 1970, 235 So.2d 321; Markman v. State, Fla.App.3d 1968, 210 So. 2d 486; Kirtley v. State, Fla.App.3d 1971, 245 So.2d 282; Smith v. State, Fla.1973, 279 So.2d 27; Mosley v. State, Fla.App. 4th 1973, 281 So.2d 590; and Griffin v. State, Fla.App.4th 1973, 276 So.2d 191.