320 So.2d 823 (1975)
Robert Allen WILLIS, Appellant,
v.
STATE of Florida, Appellee.
No. 74-1381.
District Court of Appeal of Florida, Fourth District.
October 24, 1975.
John F. Law, Jr., North Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert B. Breisblatt, Asst. Atty. Gen., West Palm Beach, for appellee.
CROSS, Judge.
Appellant-defendant, Robert Allen Willis, appeals a judgment of conviction and imposition of sentence for unlawful possession of barbiturates. We reverse.
Appellant-defendant, Robert Allen Willis, was charged by information with unlawful possession of barbiturates in violation *824 of § 893.13(1)(e), Florida Statutes 1973. Trial was by jury. At the close of the state's evidence and again at the close of all the evidence in the cause, defendant moved for a judgment of acquittal on the ground that the state had failed to present evidence sufficient to demonstrate that the defendant knew of the presence of the barbiturates in his apartment. These motions were denied by the trial court. The jury found the defendant guilty of the offense charged in the information. Defendant was adjudged guilty and sentenced to five years in prison. It is from this judgment and sentence that defendant appeals.
The state presented its case basically through the use of two witnesses, who testified to the presence of drugs at the apartment rented by defendant and defendant's wife in Lake Worth, Florida, and an expert witness who identified the drugs as phenobarbitol, a barbiturate. State's witness, William F. Tremer, an undercover agent for the Palm Beach County Sheriff's Department, testified that during the early morning hours of August 21, 1973 he and a number of other police officers arrived at the defendant's apartment to execute a search warrant. Tremer and Agents Pierce and Wiles, after knocking on the door and identifying themselves and their purpose, were admitted into the apartment by the defendant's wife. The officers found the defendant in the bedroom jointly utilized by the defendant and his wife apparently resting in bed. After the defendant was roused from bed, Tremer read the search warrant to the defendant and the defendant's wife. A systematic search of the apartment was then conducted. The search revealed several small tinfoil packets containing capsules hidden under the bed in which the defendant had been found resting, and vials containing capsules concealed in a dresser in the bedroom.
State's witness, Larry C. Pierce, was also employed as an undercover agent by the Palm Beach County Sheriff's Department. Agent Pierce concurred in the testimony given by Agent Tremer concerning the search of the defendant's apartment. Pierce further testified that he had surveilled the apartment in question on numerous occasions before the night of the search and had often observed several people other than the defendant enter and leave the apartment, and also that he knew that the defendant had been out of town for a period of time immediately prior to the date the search was conducted.
The state's chemist identified the contents of a number of the capsules found in the tinfoil packets and in the vials as phenobarbitol, a barbiturate.
The defendant took the stand in his own behalf and generally denied all knowledge of the presence of the phenobarbitol in the apartment.
The sole question presented for our determination in this appeal is whether the trial court erred in denying the defendant's motions for a judgment of acquittal.
Section 893.13(1)(e), Florida Statutes 1973, provides:
"It is unlawful for any person to be in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his professional practice... ."
Phenobarbital is a controlled substance. Section 893.02(3) and Section 893.03(4), Florida Statutes 1973.
For the purposes of § 893.13(1)(e), actual possession exists where the accused has physical possession of the controlled substance and knowledge of such physical possession. Constructive possession exists where the accused without physical possession of the controlled substance knows of its presence on or about his premises and has the ability to maintain control over said controlled substance. *825 See Medlin v. State, 279 So.2d 41 (Fla.App. 1973); Griffin v. State, 276 So.2d 191 (Fla.App. 1973).
If the premises on which the controlled substance is found is in the exclusive possession and control of the accused, knowledge of the presence of said controlled substance on the premises, coupled with accused's ability to maintain control over it, may be inferred. If the premises on which the controlled substance is found is not in the exclusive but only in the joint possession of the accused, knowledge of the presence of said controlled substance on the premises and the accused's ability to maintain control over it will not be inferred but must be established by proof. Such proof may consist either of evidence establishing that the accused had actual knowledge of the presence of the controlled substance on the premises, or evidence of incriminating statements and circumstances from which a jury might lawfully infer knowledge by the accused of the presence of the controlled substance on the premises. Smith v. State, 279 So.2d 27 (Fla. 1973); Frank v. State, 199 So.2d 117 (Fla.App. 1967).
Turning to the instant case, it is apparent that defendant's conviction must rest on constructive possession in view of the fact that defendant was not physically possessed of the phenobarbitol. The state's evidence shows that the defendant was not in exclusive possession or control of the apartment in which the phenobarbitol was found either at the time of the search or at any time prior thereto. The issue therefore becomes whether or not the state's evidence was sufficient to present a jury issue on the question of the defendant's knowledge of the presence of the phenobarbitol in the apartment. The state relies on the following circumstantial evidence as proof that the defendant knew of the presence of the phenobarbitol: only the defendant and his wife lived in the apartment; the phenobarbitol was discovered under the bed and in a dresser located in the bedroom utilized by the defendant; at the time of the search, the defendant's wife was pregnant and in such condition would have found it difficult to gain access to the drugs under the bed. Evidence also indicates, however, that for a period of time immediately preceding the search the defendant was out of town and during that period several people other than defendant had been in defendant's apartment. Thus arises the question as to whether someone other than defendant could have placed the phenobarbitol under the bed and in the dresser without defendant's knowledge. From the foregoing we are of the opinion that the evidence presented by the state is not sufficient to present a jury issue on the question of the defendant's knowledge of the presence of the phenobarbital in the apartment.
We determine that the state failed to make out a prima facie case under § 893.13(1)(e), Florida Statutes, and that the trial court erred in denying defendant's motions for a judgment of acquittal.
Accordingly, the judgment is reversed, the sentence is vacated and set aside, and the cause remanded with instructions to discharge the defendant.
Reversed and remanded, with instructions.
WALDEN, C.J., concurs.
MAGER, J., dissents, with opinion.
MAGER, Judge (dissenting):
I must respectfully dissent because in my opinion the evidence was of a sufficient nature so as to enable the jury to lawfully infer knowledge by the accused of the presence of the drugs in his apartment.
The facts in the instant case are readily distinguishable from Medlin v. State, supra, and Griffin v. State, supra. A review of the facts in this case in their totality particularly the circumstances surrounding the issuance of the search warrant clearly *826 demonstrates the existence of a jury question on the issue of defendant's scienter or knowledge which question the jury resolved adversely to the defendant in the short span of six minutes and which determination ought not to be set aside. I would therefore affirm.