325 So.2d 466 (1976)
Harold MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 74-649.
District Court of Appeal of Florida, Fourth District.
January 23, 1976.
Richard L. Jorandby, Public Defender, and Elliot R. Brooks, Asst. Public Defender, and Daniel T. O'Connell, Legal Intern, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Frank B. Kessler, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Judge.
Appellant was convicted of (1) possession of a controlled substance and (2) possession of paraphernalia. The State's case rested upon proof of constructive possession, since the evidence established that the controlled substance and the paraphernalia were not in the actual possession of appellant but were found in a car jointly occupied by appellant and its owner, a codefendant.
The law relative to the proof necessary to establish constructive possession where the contraband is found on premises or property under joint control or occupancy has been stated in numerous cases, e.g., Thomas v. State, 297 So.2d 850 (Fla.App. 4th 1974); Hilding v. State, 291 So.2d 111 (Fla.App. 4th 1974); Amato v. State, 296 So.2d 609 (Fla.App. 3rd 1974); Griffin v. State, 276 So.2d 191 (Fla.App. 4th 1973); Medlin v. State, 279 So.2d 41 (Fla.App. 4th 1973); Smith v. State, 276 So.2d 91 (Fla. App. 4th 1973); Chariott v. State, 226 So.2d 359 (Fla.App. 3rd 1969); Frank v. State, 199 So.2d 117 (Fla.App. 1st 1967).
Our review of the record satisfies us that the State's evidence did not meet the standard as repeatedly announced and recognized in the foregoing cases. The judgment is reversed and this cause remanded with directions that appellant be discharged.
Reversed and remanded.
WALDEN, C.J., and MAGER, J., concur.