382 So.2d 742 (1980)
Caroline Marie HALL, Appellant,
v.
STATE of Florida, Appellee.
James Larry HALL, Appellant,
v.
STATE of Florida, Appellee.
Nos. 79-801, 79-802.
District Court of Appeal of Florida, Second District.
March 28, 1980.
Rehearing Denied April 25, 1980.
Jack O. Johnson, Public Defender, and John A. Naser, Asst. Public Defender, Bartow, for appellants.
Jim Smith, Atty. Gen., Tallahassee, and James S. Purdy, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
Appellants appeal from their convictions of possession of marijuana in excess of five grams with intent to sell in violation of Section 893.13(1)(a), Florida Statutes (1977). Appellants contend that the trial court erred in denying their motion for judgment of acquittal made at the close of the state's case and renewed at the close of all the evidence because the state failed to show that they had any knowledge of the presence of the contraband. We agree and reverse.
At trial the state presented the following testimony: Thurlin Runkle, an investigator for the Sheriff's Department, testified about the execution of a search warrant at appellants' one room residence, said that he found certain items, later proved to contain marijuana, out of view under appellants' bed in the room; and that at the time of the search although appellants' son, Roger, slept in an adjacent building, he resided at the residence with appellants. Sergeant Riley testified that he accompanied Runkle in the search, and that he had seen the marijuana *743 seized from under the bed. Deputy McGinn testified as to the chain of custody of the items seized. Dr. Davidson, a forensic chemist with the Sheriff's Department, testified that the substance seized tested positive for marijuana and that it exceeded five grams after subtracting an estimated allowance for the stems and seeds present. The state then rested. Appellants moved for a judgment of acquittal on the ground that the state had failed to present any direct evidence that they knew of the presence of the contraband in the residence. The motion was denied.
"Possession," as used in Section 893.13(1), Florida Statutes (1977), where not in the physical possession of the defendant, may be proved by showing constructive possession. Constructive possession exists when the defendant knows of the presence of the controlled substance on his premises and has the ability to maintain control over it. Willis v. State, 320 So.2d 823 (Fla. 4th DCA 1975). Where the possession of the premises on which the controlled substance is found is not in the exclusive, but only in the joint possession of the accused, knowledge of the presence of the substance on the premises and the accused's ability to maintain control over it must be established by proof, and may not be inferred. Smith v. State, 279 So.2d 27 (Fla. 1973); Clark v. State, 359 So.2d 458 (Fla. 3d DCA 1978); Griffin v. State, 276 So.2d 191 (Fla. 4th DCA 1973); Markman v. State, 210 So.2d 486 (Fla. 3d DCA 1968); Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967); Spataro v. State, 179 So.2d 873 (Fla. 2d DCA 1965).
In the case at bar, the appellants' conviction was based on constructive possession because appellants were not in physical possession of the marijuana. The state presented evidence that the residence was in the joint possession of, and there was free access to it by, Caroline, James and Roger Hall and that the marijuana was found out of plain view under the appellants' bed. Since the premises were not in the exclusive possession of appellants but only in their joint possession, the state was required to present proof that appellants knew of the presence of the marijuana and were able to maintain control over it. The state failed to do this.
We therefore hold that the state failed to make a prima facie case of possession (with intent to sell), and that the trial court erred in denying appellants' motion for a judgment of acquittal.
Accordingly, the judgments are reversed, the sentences are vacated, and the case is remanded with instructions to discharge the defendants.
BOARDMAN, A.C.J., and ULMER, RAY E., Jr., Associate Judge, concur.