381 So.2d 734 (1980)
STATE of Florida, Appellant,
v.
Lawrence Allen SAVARINO, Appellee.
No. 79-1286.
District Court of Appeal of Florida, Second District.
March 28, 1980.
*735 Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellant.
Jack O. Johnson, Public Defender, Bartow, and Wayne Chalu, Asst. Public Defender, Tampa, for appellee.
PER CURIAM.
The state appeals from an order of the trial court which granted the defendant's motion to dismiss an information charging him with possession of dilaudid (a controlled substance) in violation of Section 893.13(1)(e), Florida Statutes (1977). Because this appeal comes from a pretrial dismissal pursuant to Florida Rules of Criminal Procedure 3.190(c)(4) and not from a jury verdict, the sole question before us is whether the state's traverse was sufficient to place a material issue of fact into dispute or to demonstrate that the uncontroverted facts do establish a prima facie case of guilt. Ellis v. State, 346 So.2d 1044 (Fla. 1st DCA 1977). We hold that the state's traverse was sufficient and we therefore reverse.
In the defendant's motion to dismiss it was alleged that the defendant was arrested while driving a motor vehicle which was owned by an individual other than the defendant. It was further alleged that the controlled substance was not in defendant's physical possession but rather was found on the floorboard of the passenger's side of the vehicle. The defendant submits that these facts do not show a prima facie case of guilt. In its traverse, the state admitted the facts alleged by the defendant but added the additional facts that the defendant had failed certain field sobriety tests, had a breathalyzer reading of .00, and had to enter the car on the passenger's side because the driver's door was inoperable.
We hold that this was sufficient to overcome the motion to dismiss by the defendant. We stress, however, that we are only holding that the motion to dismiss should have been denied. The state conceded here that the vehicle was not in the exclusive possession of the defendant. At trial the state has the burden of proving the defendant's constructive possession of the controlled substance. In such a case, this must be done by proof of the defendant's knowledge of the presence of the controlled substance and his ability to reduce it to his control. Spataro v. State, 179 So.2d 873 (Fla. 2d DCA 1965); Griffin v. State, 276 So.2d 191 (Fla. 4th DCA 1973); Medlin v. State, 279 So.2d 41 (Fla. 4th DCA 1973). As we view the facts of the case thus far alleged, the state will attempt to prove its case through circumstantial evidence. Such circumstantial evidence produced by the state must refute all reasonable hypotheses of innocence. Taylor v. State, 319 So.2d 114 (Fla. 2d DCA 1975). Whether the state can meet this burden is a question which must be decided at the conclusion of the state's presentation of the evidence. It may well be that the state will not meet this burden, and a directed verdict in favor of the defendant would then be proper. At this juncture, however, the granting of the motion to dismiss was error.
The order granting the motion to dismiss is reversed and the case is remanded for further proceedings consistent with what we have said.
BOARDMAN, A.C.J., and DANAHY, J., and ULMER, RAY E., Jr., Associate Judge, concur.