WALDEN, Judge,
dissenting.
In my view the facts of this case cannot sustain the conviction.
The defendant had been driving the automobile in which a small single aluminum foil packet of cocaine was found in the middle of the front bench seat. He testified the automobile was his girlfriend’s. However, there had been three other passengers in the car only moments before, at least one of whom sat alongside the driver. These passengers were also thought by the police to have been using cocaine and the defendant himself testified that the passengers were cocaine users.
In particular, I question the significance of the factors relied upon in the special concurrence. I find little persuasion in the fact that the aluminum foil packet of cocaine was found on the driver’s portion of the seat where the driver’s thigh would have covered it had he remained behind the wheel. No evidence was produced below to determine this to a mathematical certainty. Further, when cast in the light of the chain of actual events, the position of the packet could reasonably be nothing more than its final resting place after a high-speed chase complete with spins and a blown-out tire, the force of which resulted in the defendant being thrown to the floor and intendent loss of control of the vehicle.
I find it equally unpersuasive that the defendant testified that he had taken the passengers to a house where they could and did smoke cocaine before leaving the house. He consistently maintained that it was his passengers who used cocaine while in the friend’s house while he sat in another room watching TV with some children. *972 This is hardly evidence of constructive possession of cocaine subsequently found in the car. Knowledge of the presence of cocaine in a separate room in a house does not confer knowledge of the presence of cocaine in the car.
In fact, the record provides no evidence to attribute such knowledge to the defendant. The passengers did not ask to use cocaine in the car. Rather, immediately prior to their exit from the vehicle, the passengers were “talking junk” much to the annoyance of the defendant and for that reason he told them to get out. In fact, the defendant testified that he dropped the angry girls off in front of a police car to ensure their safety. Thereafter, from his rearview mirror, the defendant observed the two girls talking to the police and pointing at him. He only gave chase because the police followed him, and in his own words to the prosecutor, “Even though it might not be the deep down [south] and racially mixed to you, the way it is to me, two white girls represent a problem for a black man in Florida in Vero Beach, 3:30 at night, talking to police.” With that fear in mind, together with the knowledge that the car he drove was not his, that he possessed no valid driver’s license because he has no birth certificate, and that he has a prison record, the defendant panicked and tried to elude authority.
The cases have consistently held that: Actual possession exists where the accused has physical possession of the controlled substance and knowledge of such physical possession. Constructive possession exists where the accused without physical possession of the controlled substance knows of its presence on or about his premises and has the ability to maintain control over said controlled substance. Willis v. State, 320 So.2d 823 (Fla.App.1975), See also Medlin v. State, 279 So.2d 41 (Fla.App.1973), Griffin v. State, 276 So.2d 191 (Fla.App.1973).
If the premises on which the controlled substance is found in the exclusive possession and control of the accused, knowledge of the presence of said controlled substance on the premises, coupled with the accused’s ability to main-tam control over it, may be inferred. If the premises on which the controlled substance is found is not in the exclusive but only in the joint possession of the accused, knowledge of the presence of said controlled substance on the premises and the accused’s ability to maintain control over it will not be inferred but must be established by proof. Such proof may consist either of evidence establishing that the accused had actual knowledge of the presence of the controlled substance on the premises, or evidence of incriminating statements and circumstances from which a jury might lawfully infer knowledge by the accused of the presence of the controlled substance on the premises.
Fedor v. State, 438 So.2d 42 (Fla. 2d DCA 1986).
In order for circumstantial evidence to be sufficient for conviction, it must be consistent with the accused’s guilt, inconsistent with innocence and must exclude every reasonable hypothesis except that of guilt. D.J. v. State, 330 So.2d 35 (Fla. 4th DCA 1976), Harvey v. State, 390 So.2d 484 (Fla. 4th DCA 1980). In the instant case, there was no evidence or testimony showing the defendant’s knowledge or control over the cocaine. The only evidence was circumstantial and in my opinion, insufficient to exclude every reasonable hypothesis of guilt. I, accordingly, would reverse.