638 So.2d 995 (1994)
Karmann JEAN, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1541.
District Court of Appeal of Florida, Fourth District.
June 15, 1994.
Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Edward L. Giles, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Karmann Jean appeals his conviction for attempted possession of cocaine. He argues that his motion for judgment of acquittal should have been granted. He also complains that at trial one of the state's witnesses improperly commented on his right to remain silent. We affirm.
Several officers from the Palm Beach County Sheriff's office executed a search warrant at a duplex apartment in West Palm Beach. There had been no prior surveillance, therefore the officers did not know who was in the apartment or how long they had been there. The officers entered approximately two minutes after a team from the Palm Beach County Tactical Unit broke in through the front entrance; a process that took between 30 and 60 seconds. The front entrance consisted of an outer door and a large grated metal door that was bolted to the wall inside. There was a large padlock on the outer door which was locked when the officers attempted to gain entry. All of the windows of the apartment were barred from the inside.
The officers who testified at trial indicated that it appeared that no one lived in the apartment. There was a TV, a cable box, a telephone, two couches, a chair and a coffee table. But there were no eating utensils in the kitchen, no stove or oven, no food except remnants of fast food, and no personal toiletry items. There were a few pieces of random clothing in one closet but no beds other than an old bed frame (one officer called it a boxspring). There were no photographs or other personal items in the apartment.
*996 The officers who followed the Tactical Unit into the apartment found appellant and his three codefendants lying on the floor among approximately 200 cocaine rocks strewn all over the room.
One officer testified that as he entered the apartment he saw plates flying to the floor near the couch on the west wall and that appellant had been sitting on that couch. There was cocaine residue on some of the plates found on the floor. No fingerprints were taken from the ceramic plates or from plastic bags also found in the apartment.
Appellant was arrested, along with his three codefendants, and charged with trafficking in cocaine. Appellant explained that he was merely a visitor to the apartment.
There is no evidence as to who owned or rented the apartment and of course no one came forward to assert an ownership or other interest in the cocaine rocks.
The issue is whether, under these somewhat unusual circumstances, there is sufficient evidence to avoid a motion for judgment of acquittal.
We discussed the general law applicable to such circumstances in Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976). There we explained:
[A]ctual possession exists where the accused has physical possession of the controlled substance and knowledge of such physical possession. Constructive possession exists where the accused without physical possession of the controlled substance knows of its presence on or about his premises and has the ability to maintain control over said controlled substance. Willis v. State, 320 So.2d 823 (Fla.App. 1975). See also Medlin v. State, 279 So.2d 41 (Fla.App. 1973); Griffin v. State, 276 So.2d 191 (Fla.App. 1973).
If the premises on which the controlled substance is found is in the exclusive possession and control of the accused, knowledge of the presence of said controlled substance on the premises, coupled with accused's ability to maintain control over it, may be inferred. If the premises on which the controlled substance is found is not in the exclusive but only in the joint possession of the accused, knowledge of the presence of said controlled substance on the premises and the accused's ability to maintain control over it will not be inferred but must be established by proof. Such proof may consist either of evidence establishing that the accused had actual knowledge of the presence of the controlled substance on the premises, or evidence of incriminating statements and circumstances from which a jury might lawfully infer knowledge by the accused of the presence of the controlled substance on the premises. Willis v. State, supra; Smith v. State, 279 So.2d 27 (Fla. 1973); Frank v. State, 199 So.2d 117 (Fla.App. 1967).
Id. at 129.
The difficulty with this analysis is that it does not separate the issue of the accused's ability to maintain control over the substance from the issue of the accused's knowledge of the presence of the controlled substance on the premises. It is conceivable that an accused might be well aware of the presence of the substance but have no ability to maintain control over it. On our facts it is abundantly clear that appellant was aware of the presence of the cocaine rocks on the floor around him. The question is whether he had the ability to maintain control over those cocaine rocks and what the state must present to avoid a motion for judgment of acquittal on that issue.
The difficulty the courts have experienced in grappling with this problem is noted in Green v. State, 460 So.2d 986, 987 (Fla. 4th DCA 1984), where we explained:
In Johnson v. State, 456 So.2d 923 (Fla. 3d DCA 1984), the Third District Court of Appeal stated:
Mere proximity to contraband, without more is legally insufficient to prove possession. Bass v. United States, 326 F.2d 884 (8th Cir.), cert. denied, 377 U.S. 905, 84 S.Ct. 1164, 12 L.Ed.2d 176 (1964). In many instances, however, the ability to control narcotics will be inferred from the ability to exercise control over the premises where they are found. For this reason, the cases have sharply distinguished between the culpability *997 of a mere visitor from that of an owner or an occupant of premises containing illicit drugs in plain view.

Compare Brown (ownership and/or joint occupancy of premises is sufficient to support a conviction for constructive possession as to each person where drugs are discovered in plain view in their presence) with Taylor v. State, 319 So.2d 114 (Fla. 2d DCA 1975) (defendant's proximity to marijuana in plain view was merely circumstantial evidence insufficient to support conviction for constructive possession where defendant did not own or live on the premises and did not have control or joint control of the premises or the drugs).

See also Gonzalez v. State, 455 So.2d 1131 (Fla. 2d DCA September 19, 1984) and Kickasola v. State, 405 So.2d 200 (Fla. 3d DCA 1981).
At first blush the supreme court's response to questions certified by this court in Brown v. State, 428 So.2d 250 (Fla.) cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983), might appear to support a holding "that joint occupancy, with or without ownership of the premises, where contraband is discovered in plain view in the presence of the owner or occupant is sufficient to support a conviction... ." Our review of the case law, however, indicates that use of the terms occupant, occupancy and the like in these circumstances imply more than mere temporary physical presence. Thus Brown does not resolve the issue before us.
To avoid a motion for judgment of acquittal the state must introduce some evidence that meets the accused's reasonable hypothesis of innocence. The law that we have synthesized from the cited cases and others provides no bright line rule to guide our deliberations.
We do not ordinarily permit an inference of ability to control to be raised by mere proximity to the substance because of the danger that an innocent bystander or social or business visitor might thus be improperly implicated in a crime. That danger diminishes as the amount of circumstantial evidence that the accused was more than an innocent bystander increases. We apply the resulting analysis here.
Appellant was discovered sitting on a couch in an apartment not presently being used for residential purposes. One or more plates were seen to come flying through the air from that area when the officers forcibly entered the premises. The floor was covered with cocaine rocks. The windows were barred and the entrance was guarded by a padlocked grated metal door inside an ordinary door. This was a place ill-suited for casual social gatherings. We think that this is sufficient evidence to go to the jury on appellant's explanation that he was simply a visitor.
We also find that appellant's complaint of an improper comment on his right to remain silent was waived when appellant refused the court's offer of a curative instruction.
AFFIRMED.
DELL, C.J., and HERSEY and STONE, JJ., concur.