PER CURIAM.
Eddie Stephens appeals his convictions and sentences for cultivation of cannabis, possession of cannabis, and possession of drug paraphernalia, all of which were based upon contraband seized in a search of his home on July 24, 1996. He asserts that the trial court erred in denying his motion for judgment of acquittal because the state failed to produce evidence to establish Stephens’ actual or constructive possession of the contraband seized, and that improper remarks to which there were no objections during closing argument tainted the trial. We find no fundamental error in the closing argument. We reverse because we find that the trial court erred in denying the defendant’s motion for judgment of acquittal.
The state established that Mr. Stephens was not home (and the evidence suggests he was not even in the State of Florida) when the search warrant was executed, but that four unidentified people were in the house. There was no evidence that Mr. Stephens was ever present in the house at any time during the police investigation which preceded the execution of the warrant, and there was no physical evidence, such as fingerprints, to tie Mr. Stephens to the contraband found there. The evidence did not establish how long the four unidentified people had been in possession of Mr. Stephens’ house. The record contains insufficient evidence to provide a reasonable basis for a jury to infer that Mr. Stephens had knowledge of and the ability to exercise control over the contraband found in his premises. See Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976). The trial judge erred in denying the defendant’s motion for judgment of acquittal. See Griffin v. State, 276 So.2d 191 (Fla. 4th DCA 1973). For the foregoing reasons, the judgment is reversed, the sentence is vacated, and the defendant is discharged.
REVERSED.
MICKLE, LAWRENCE and DAVIS, JJ., concur.