WHITE, JOS. S., Associate Judge.
This appeal brings for review a judgment of conviction upon a charge against three defendants, including the appellant, that the three “did then and there unlawfully have in their possession or under their control a narcotic drug, to-wit: Cannabis Sativa, commonly known as marijuana, in excess of five (5) grams.” The three were tried together. The appeal is by only one of them.
One of the assignments of error relates to the denial by the trial court of a motion to suppress certain evidence. The disposition which we make of the case makes it unnecessary to pass upon that assignment, since we hold that the admissible evidence was insufficient to support the particular charge set forth in the information.
Appellant was the driver of an automobile in which there were four passengers —one in the front seat with the driver and three in the rear seat. In the rear seat was a female passenger from whose purse the arresting officer took a quantity of marijuana. This individual was not one of those named in the information.
It was the marijuana taken from Jhe passenger’s purse, and this alone, that was involved in the charge against appellant.
The arrest was made when the group was proceeding along the “Sunshine Turnpike” in Martin County. During the investigation at the scene, and after the marijuana had been removed from the passenger’s purse, this statement to the arresting officer was attributed to the appellant: “Listen, I don’t know anything about anything else except we just went to get a little grass or a little marijuana.”
The arresting officer also testified regarding statements of a co-defendant, made out of the presence of appellant, regarding a visit to Miami, from which place the group was then returning. This statement contained evidence of the activities of some members of the group in purchasing marijuana in the vicinity of Miami. Appellant objected to the hearsay testimony of the officer and the trial judge properly instructed the jury that the statements by the co-defendant to the witness could not be considered^ passing upon the guilt of the appellant. When this testimony is eliminated, as it must be in the case of the appellant, there remains no proof of when, where or how the marijuana in question came into the possession of the passenger in appellant’s automobile.
The State contends that appellant’s conviction was justified upon the theory that appellant was using the passenger “as an ‘alter ego’ for the purpose of possessing the marijuana seized from her purse”. This is simply another way of saying that the proof established that at the time in question the passenger was acting as appellant’s agent. To arrive at any such conclusion from evidence properly adduced against appellant one must pile inference upon inference. This builds up to a mere suspicion and it is fundamental that one may not be convicted for crime on such proof.
*696 There is no evidence that appellant was present when the marijuana was obtained. Nor is there evidence that he furnished any money toward its purchase, if, indeed, it was purchased on an occasion when appellant was a participant. Nor is there evidence that appellant ever had possession, control or dominion, of any sort, over the drug.
Under these circumstances, we hold that presence of a quantity of marijuana in the exclusive possession of a passenger in an automobile, in which marijuana the driver of the automobile has not been shown to have any ownership or interest, nor any dominion or control over the same, does not make the driver guilty of “possession or control” of such contraband.
For that reason we reverse the judgment with directions to dismiss the charge.
Reversed.
REED, C. J., and CROSS, J., concur.