CROSS, Judge
(dissenting):
I respectfully dissent.
This is the second appearance of this cause before this court. Initially, this court declined to review the sufficiency of the evidence due to defendant’s failure to move for a new trial, relying on State v. Wright, 224 So.2d 300 (Fla.1969). Mancini then petitioned Florida Supreme Court for a Writ of Certiorari to review our af-firmance, reported at 254 So.2d 381 (Fla.App.1971). Certiorari was granted, the decision of this court quashed, and the cause remanded to this court with directions to review the trial judge’s denial of the motion for directed verdict. 273 So.2d 371 (Fla.1973).
The sole issue for determination is whether the evidence was sufficient to show possession of marijuana by the defendant Mancini. Mancini had been charged with possession of marijuana, tried before the court without jury, adjudged guilty with imposition of sentence.
The testimony reveals that Mancini was observed by two police officers in the predawn hours of the morning of February 18, 1969, leaning out of a parked car in a residential area. The officers stopped to investigate and questioned him. As defendant’s answers to an officer’s questions were confused and incoherent and as his physical appearance was disheveled, the officer formed the opinion that Mancini was drunk and placed him under arrest for “drunkenness by drugs.” The officer then looked into the car (the driver’s side car door being open) and observed on the floorboards directly behind the driver’s seat a shoe, the heel of which was facing the officer, so that a clear view was obtained of the inside of the shoe. Inside the shoe, the officer observed what appeared to be a hand-rolled cigarette in yellow paper. Upon a closer inspection, the officer made a preliminary determination that the cigarette contained marijuana, which determination was later chemically confirmed. The officer then examined the front floorboards of the car and observed some seeds, which he decided were marijuana-like seeds. The record does not reveal that any tests were made on the seeds.
In contradiction to the above, Charles Little, a defense witness and former police officer who had been on patrol with Officer Young at the time the defendant was arrested, testified that he observed Officer Young “plant” the marijuana cigarette in the shoe lying on the floorboards behind the driver’s seat. Shortly after this incident, Little was fired from the police department.
Mancini testified that he had stopped his car on the side of the road to search for a cigarette that he had dropped on the floorboard carpet, and that he had been there only a few moments when the police arrived. He further testified that he was driving his mother’s car, that the shoe in which the marijuana cigarette was found was not his, and that he had no knowledge that the marijuana was in the car.
In rebuttal, the state called two witnesses who testified that Little’s reputation for truth and veracity in the community was poor. Other rebuttal witnesses testified that Little was dismissed from the police force because he was poor police material, but that at no time was Little’s honesty and integrity called into question. No re *348 buttal was introduced to contradict Mancini’s testimony that the car and shoe did not belong to him.
At the close of all of the evidence, both the state and the defense having rested, the defense moved for a judgment of acquittal, which motion was denied. The trial court adjudged the defendant guilty and imposed a three-month sentence in the Broward County jail. Hence this appeal.
In Frank v. State, 199 So.2d 117, 120 (Fla.App.1967), the court determined that
“. . . before one charged with unlawfully possessing narcotic drugs may be convicted, the State must establish beyond a reasonable doubt that the accused knew of the presence of the narcotic drugs on premises occupied and controlled by him, either exclusively or jointly with others. If the premises on which the drugs are found are in the exclusive possession and control of the accused, knowledge of their presence on such premises coupled with his ability to maintain control over them may be inferred. Although no further proof of knowledge by the State is required in cases of exclusive possession by the accused, the inference of knowledge is re-buttable and not conclusive. If the premises on which the drugs are found is not in the exclusive but only in the joint possession of the accused, knowledge of the drugs’ presence on the premises and the ability to maintain Control over them by the accused will not be inferred but must be established by proof. Such proof may consist either of evidence establishing actual knowledge by the accused, or evidence of incriminating statements and circumstances from which a jury might lawfully infer knowledge by the accused of the drugs’ presence on the premises. . . .”
In the case sub judice there is no evidence establishing that Mancini had exclusive possession and control of the car in which the drug was found, notwithstanding the fact that he was alone in the car at the time of arrest, as it is unrebutted that the car belonged to the defendant’s mother and no evidence was offered as to whether the defendant had merely borrowed the car for the night or whether the car was merely titled in his mother’s name and that she had no access thereto. Having reached this conclusion, the rebuttable inference of knowledge which accompanies proof of exclusive possession and control of the premises upon which the drug or drugs are found is not available to the state. Frank v. State, supra. If the premises are jointly possessed on which the drugs are found, the state must prove defendant’s actual knowledge of the presence of the drug as well as the defendant’s ability to maintain control over it or to reduce it to his physical possession. The burden that the state bears in this regard is a heavy one, as can be seen from the following decisions.
In Griffin v. State, 276 So.2d 191 (Fla.App.1973), this court determined that evidence that marijuana was in plain view immediately upon entering the house; that prior to a raid of the house the defendant had been seen about the premises; and that numerous other persons had been seen entering and leaving the house was insufficient to prove defendant’s knowledge of the drug’s presence as there was no evidence when the defendant was last in the premises prior to the time of the raid and exclusive possession and control of the house was not shown. The judgment and sentence were accordingly reversed.
In Spiegel v. State, 269 So.2d 694 (Fla.App.1972), this court again determined that the state failed to present sufficient evidence to sustain a conviction for possession. In Spiegel, the defendant was the driver of a car containing four passengers. Sitting in the rear was a female from whose purse a quantity of marijuana was taken. At the time of the arrest the appellant said that he did not know about anything else except that they just went to get a little marijuana. There was no evidence that the defendant was present when the marijuana was obtained, or that he fur *349 nished any money toward its purchase, if indeed it was purchased on an occasion when the defendant was a participant. Nor was there any evidence that the defendant ever had possession, control or dominion of any sort over the drug. Accordingly, in view of the above listed deficiencies and of the fact that the marijuana was in the exclusive possession of a passenger in the automobile, we determined that the state had failed to meet its burden.
In Rutskin v. State, 260 So.2d 525 (Fla.App.1972), the First District determined that the evidence was insufficient to sustain a conviction for possession. In that case, the police, tracing a parcel which had been mailed to the defendant, entered the defendant’s apartment approximately two minutes after the parcel had been delivered. The police discovered one of the three occupants of the apartment in the bathroom by the commode in which three short strands of marijuana were found. The parcel containing the marijuana had not yet been opened. The court decided that possession by the defendant of the marijuana in the parcel was not shown, and also that possession by the defendant of the marijuana in the commode was not shown as there was no evidence that the defendant knew anything about or possessed or controlled marijuana in the parcel or the marijuana strands in the commode.
In Torres v. State, 253 So.2d 450 (Fla.App.1971), the police observed a number of people entering and leaving the apartment being watched by them. The police knocked on the door of the apartment, the door was partially opened and then slammed shut. Entry was forced, and marijuana found in a closet in the bathroom. The defendant’s sole connection was that he had been in the apartment several days. The defendant was not the sole occupant of the apartment at any time and he ordinarily lived with his grandmother at another address. Under these facts' the Florida Third District Court of Appeal determined that the jury could have inferred that the defendant had custody of the apartment, but that the record does not contain sufficient facts to support that inference as the only reasonable inference from the evidence and overturned the conviction. See also Arant v. State, 256 So.2d 515 (Fla.App.1972); Kirtley v. State, 245 So.2d 282 (Fla.App.1971); Langdon v. State, 235 So.2d 321 (Fla.App.1970); Chariott v. State, 226 So.2d 359 (Fla.App.1969); Markman v. State, 210 So.2d 486 (Fla.App.1968).
In the instant case, the sole evidence is that the defendant was arrested in the pre-dawn hours for “drunkenness by drugs”; that his answers to the police officer’s questions were confused and incoherent; that the defendant was tried and acquitted of that charge (“drunkenness by drugs”) in municipal court; that he was driving his mother’s car and that a marijuana cigarette was found in a shoe, which did not belong to the defendant, located on the floorboards directly behind the driver’s seat hidden from defendant’s view. Under these circumstances, while the trier of fact could have inferred knowledge by the defendant of the drug’s presence, the record does not contain sufficient facts to support that inference as the only reasonable inference from the totality of the evidence, and the evidence does not exclude every reasonable hypothesis of innocence.
Therefore, I would reverse the judgment and vacate the sentence, and remand the cause with directions to dismiss the information and discharge the defendant, David Roland Mancini.