JOHNSON Judge.
This appeal is from a final judgment of guilty entered pursuant to a jury verdict.
It appears that a search warrant was issued against the appellant to search his dwelling for stolen property and certain dangerous drugs and narcotic drugs. Motion to suppress the evidence or the search warrant was denied, and such ruling is not assigned as error on this appeal.
In execution of the search warrant, the officers found certain motor vehicle inspection forms which corresponded to the numerical sequence of such stickers which had been stolen at an inspection station in Alachua County, Florida. Also, in a dresser drawer in the bedroom of the house of appellant in which the appellant and his wife slept, was found several plastic containers of assorted pills, which upon analysis by the Florida State Board of Health, proved to be codeine, amphetamines and certain harmless antibiotics.
Appellant contends that the State failed to establish possession by the appellant in that he was not in sole possession, to wit: his wife occupied the bedroom also, and that the State had not established that appellant knew the stickers were stolen. We cannot agree with appellant. The fact that the motor vehicle inspection stickers were stolen should have been known to appellant as a person of normal intelligence. The fact that the wife of appellant occupied the bedroom with the appellant does not bring this case within the cases cited by appellant wherein the usual joint occupancy of premises requires proof of possession. In Frank v. State, 199 So.2d 117 (1967), this Court cited with approval Evans v. United States, 257 F.2d 121 (9th Cir., 1958), wherein we find this statement:
“ ‘ “ . . . But [where the accused has not been] in exclusive possession of the premises, it may not be inferred that he knew of the presence of the narcotics and had control of them, unless there are other incriminating statements or circumstances tending to buttress such an inference.” . . . ’ ” (Emphasis supplied.)
In the case sub judice, the appellant was assumed to be the head of the household and certainly he had control, actual as well as constructively, and the fact that only his wife and he were the occupants of the room, are circumstances which we think are sufficient to buttress an inference that the appellant had knowledge of the incriminating evidence.
When the appellant proceeded with his case without requiring the court to rule on his motion of acquittal, he had treated the said motion as denied, and we think this was a correct assumption. No error was committed in this respect.
The remaining point on appeal is without merit.
*540 For the reasons cited, the judgment and sentence are affirmed.
SPECTOR, C. J., and WIGGINTON, J., concur.