279 So.2d 27 (1973)
Lawrence Lee SMITH, Petitioner,
v.
STATE of Florida, Respondent.
No. 42792.
Supreme Court of Florida.
June 6, 1973.
*28 Michael J. Minerva, Asst. Public Defender, for petitioner.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for respondent.
DEKLE, Justice.
We granted certiorari based upon a decisional conflict with Spataro v. State, 179 So.2d 873 (Fla.App.2d 1965); and Markman v. State, 210 So.2d 486 (Fla.App.3d 1968). These cases are in accord with the joint occupancy rule appearing in Frank v. State, 199 So.2d 117 (Fla.App.1st 1967). The conflict arises from the First District's ruling here at 265 So.2d 538 (Fla.App., 1972), which would create an exception to the general rule of joint occupancy requiring direct evidence of defendant's knowledge of the contraband upon the premises which cannot be inferred, absent the defendant's exclusive possession or control. The exception asserted by the First District here is in the instance of the joint occupancy of premises by persons living together in a legal husband and wife relationship. Specifically, the investigating officers located illegal drugs along with women's costume jewelry in a dresser drawer in the bedroom jointly occupied by defendant and his wife. This would appear to require some evidence to tie in the husband to the presence of such illegal drugs by the essential knowledge on his part. No such direct evidence was offered. Absent such proof, the motion for a judgment of acquittal should have been granted.
The First District held that the required knowledge of the presence of the contraband can be inferred to the husband as "head of the household". A couple living together without benefit of clergy under the same situation would apparently enjoy the advantage of a different result, requiring direct evidence of knowledge; such a rule would penalize those who follow the legal requirements of marriage.
The State puts the issue: "The husband and wife relationship is another relationship by which essential knowledge can be inferred without the requirement for direct proof." We do not feel in today's world that this is a valid basis to avoid the required evidence to prove knowledge in such a relationship.
Our recent holding in Markham v. Markham, 272 So.2d 813 (Fla. 1973), that the husband had no right to invade the wife's own right of privacy by utilizing electronic devices on her telephone, supports our view and raises serious question about placing reliance upon a husband's traditional role of "head of the household" as a basis for inferring knowledge.
The continuing expanded independence of the wife casts a different light upon the husband's control, and thus inferred knowledge, in these circumstances. It could well render unduly harsh results against a husband in altogether innocent circumstances.
The petition for writ of certiorari is granted, the opinion of the First District Court of Appeal is quashed and the cause remanded for entry of judgment of acquittal.
It is so ordered.
CARLTON, C.J., ERVIN, and McCAIN, JJ., and GALE, Circuit Judge, concur.