301 So.2d 475 (1974)
Walter Devere DENT, Appellant,
v.
STATE of Florida, Appellee.
No. T-363.
District Court of Appeal of Florida, First District.
October 15, 1974.
Stewart E. Parsons, Parsons & Parsons, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
JOHNSON, Judge.
Appellant seeks reversal of his conviction in a jury trial on charges of two counts of possession and two counts of sale of cocaine, for which he was sentenced to three years on each of the four counts, said sentences to run concurrently.
The evidence adduced at trial shows that an undercover agent for the Department of Law Enforcement first met appellant in a tavern, where a discussion of drugs ensued. The undercover agent made arrangements with appellant to meet at appellant's home on October 17, 1972. On that date, the agent went to appellant's home and appellant asked him if he had the money. Receiving an affirmative reply, appellant and Newkirk, one of appellant's roommates, left the room and Newkirk produced the cocaine. Appellant and the agent weighed the substance and then the agent paid to Newkirk $725.00. Thereafter, appellant and the agent had discussions relative to the compensation appellant might receive for having arranged the above transaction.
On November 6, 1972, the agent again met with appellant at appellant's home. On this occasion, one Diez was present. The agent paid appellant $30.00 for the prior transaction and then Diez produced a quantity of cocaine, for which the agent paid Diez $725.00. Several days later, the agent paid appellant $10.00 and subsequently paid him an additional $20.00 as compensation for having arranged this second purchase.
*476 As noted above, the jury found appellant guilty of all four counts of possession and sale and appellant was sentenced to three years on each count, said sentences to run concurrently.
Appellant raises three points on this appeal. He contends that the jury should have been instructed as to the law of entrapment; that certain testimony should have been compelled from the agent or, in the alternative, that the agent's entire testimony should have been stricken; and that the evidence was insufficient to support the convictions for the sale of illegal drugs.
A review of the entire record in this cause, as well as oral argument and the briefs submitted by counsel, leads us to conclude that no error occurred with respect to the entrapment issue or the testimony of the agent. We find insufficient evidence of inducement or instigation on the part of the agent so as to justify charging the jury on the law of entrapment. Nor can we find, from the record as a whole, that prejudicial error resulted during the questioning of the agent.
However, we do find and so hold that the evidence was insufficient to support a jury verdict with regard to the sale charges. The evidence shows nothing more than appellant arranging the sales between the agent and other persons. In both transactions, the agent gave the money for the illegal drugs to an individual other than appellant and then, at a later date, paid appellant compensation for arranging the sale. Appellant did not receive or pay any money during the drug transfer. He was simply present during said transfer, and the compensation received by him was for making the arrangements. Appellant cites numerous cases from other jurisdictions which have adopted an agency theory with respect to similar factual situations. However, we note that in those cases, the accused had actually purchased the illicit drugs for and on behalf of the agent. We do not feel that we need to discuss this agency theory further, inasmuch as it does not appear to us from the evidence that appellant had anything to do with the actual sales made in this case.
Although neither party has raised this issue, we note in passing that even if the evidence did support the sale convictions, we would be compelled to vacate those sentences imposed for the two counts of possession. In each instance, the cocaine which appellant was convicted of possessing was the same cocaine as that which he was convicted of selling. Hence, he was convicted of two facets or phases of the same transaction, and could only be sentenced for the higher of such offenses. Yost v. State, 243 So.2d 469 (Fla.App.3rd, 1971). Thus, even if we were to affirm on the merits, the two sentences imposed for possession (3 years each) would have to be vacated. By reversing on the grounds that the evidence was insufficient to support the guilty verdicts on the two sale counts, it is required that the two sentences imposed for sale (3 years each) be vacated.
In conclusion, as to the adjudication of guilt of possession of illegal drugs and the two concurrent three year sentences imposed therefor, we affirm. As to the convictions for sale, we reverse and direct that the sentences imposed therefor be vacated.
Affirmed in part; reversed in part with directions.
BOYER, J., concurs.
SPECTOR, Acting C.J., dissents.
SPECTOR, Acting Chief Judge (dissenting):
I respectfully dissent. In my view, appellant was an accessory to the crime of selling cocaine, at the very least. By operation of Section 776.011, Florida Statutes, appellant is thus guilty of sale. Jacobs v. State, 184 So.2d 711 (Fla.App. 1966).