322 So.2d 543 (1975)
STATE of Florida, Petitioner,
v.
Walter Devere DENT, Respondent.
No. 46383.
Supreme Court of Florida.
September 24, 1975.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for petitioner.
Stewart E. Parsons, Parsons & Warren, Tallahassee, for respondent.
ENGLAND, Justice.
By petition for certiorari we are asked to review a decision of the First District Court of Appeal, reported at 301 So.2d 475, which directly conflicts with Jacobs v. State, 184 So.2d 711 (1st DCA Fla. 1966). We have jurisdiction.[1]
The state asks us to reinstate respondent's conviction following a jury trial on two counts of selling cocaine. The events leading to respondent's conviction began with general conversations between respondent and an undercover agent relative to the purchase of drugs, subsequent to which the agent on two occasions in fact bought cocaine in respondent's presence from persons met through respondent.[2] For arranging the transactions, respondent received compensation from the agent. A more complete recitation of the events appears in the district court's opinion, but it is unnecessary here.
On appeal from his convictions, the district court held that respondent was improperly convicted of "selling" because a *544 third person, not respondent, effected the sale in each instance and respondent's only compensation was received from the buyer for services as a middleman. The district court's majority did not expressly address the view of the dissenting judge that respondent was properly convicted as a principal in the first degree,[3] even if he did not personally, or as an agent, sell drugs in violation of the applicable statute.[4] In Jacobs the district court had reached a contrary conclusion, stating that under the same "principal" statute "a person is a principal in the first degree whether he actually commits the crime or merely aids, abets, or procures its commission."[5]
The evidence is not in dispute to the effect that respondent took an active part in arranging the sale of narcotics in violation of Florida law. Though he received no compensation from the seller, his active complicity clearly aided and abetted the commission of a criminal offense. In fact, the evidence is undisputed that the sales would not have occurred but for respondent's arrangements. Under our decision in State v. Roby, 246 So.2d 566 (Fla. 1971), respondent's conviction was proper.
The decision of the First District Court of Appeal is quashed, and respondent's conviction is affirmed. This cause is remanded to the district court for action consistent with this opinion.[6]
ROBERTS, BOYD and OVERTON, JJ., concur.
ADKINS, C.J., dissents.
NOTES
[1] Article V of the Florida Constitution, as revised in 1972, extends our jurisdiction to conflicts between decisions of the same district court of appeal. Conflicts of this type should be rare, however. We would expect the chief judge of each district court to assure uniformity within the district, as a part of his constitutional responsibility under Article V, § 2(c) of the Florida Constitution (1972).
[2] Respondent's defense of entrapment was raised and resolved below. It is not before us.
[3] "Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, is a principal in the first degree... ." Section 776.011, Fla. Stat. (1973).
[4] Section 398.02(9), Fla. Stat. (1971). This statute has been repealed and replaced by a new drug offense statute which does not define the term "sale". See Section 893.13, Fla. Stat. (1973).
[5] 184 So.2d at 715
[6] We express no opinion on the issue of respondent's sentence, which was raised by the district court on its own motion and discussed in the opinion below, but which was not made the subject of review here. Additionally, our disposition of this case on the basis of the "principal" statute makes it unnecessary to deal with the "procuring agent" theory, new to Florida, which respondent presents.