321 So.2d 114 (1975)
Sonny MARSHALL and Silvia P. Hanson, Appellants,
v.
STATE of Florida, Appellee.
No. Y-153.
District Court of Appeal of Florida, First District.
October 31, 1975.
Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellants.
Robert L. Shevin, Atty. Gen., and Gerry B. Rose, Asst. Atty. Gen., for appellee.
BOYER, Chief Judge.
Appellants, defendants below, were charged, tried, and found guilty by a jury of an unlawful sale of cocaine. Both defendants now appeal, alleging that the trial court erred in refusing to allow their attorney to see notes relied on by a prosecution witness in refreshing his memory. Appellant Marshall also asserts that, as to him, the trial court erred in failing to grant his motion for judgment of acquittal made at the close of the state's case.
The narcotics transaction which is the subject of this case occurred on October 21, 1974, when law enforcement trainee James Moss, an undercover agent working for the Jacksonville Sheriff's Office, ventured into a specified area and began asking individuals if they were holding drugs. One of these individuals was appellant Marshall who answered Agent Moss affirmatively. Agent Moss was instructed to come by appellant Marshall's home later which he did. He was admitted into the home by appellant Hanson. According to *115 Moss at trial, appellant Marshall remained on the floor, cleaning a heater, the entire time that Moss was in the house. When asked if he had any cocaine, appellant Marshall stated that appellant Hanson would get it. Appellant Hanson left the room and returned a few seconds later with a bag of cocaine. She handed the bag to Moss who gave her $25 in return. Moss then left the house.
During cross-examination, Moss admitted that he had referred to certain notes in order to refresh his memory. He did not have these notes present with him at trial but apparently had referred to them before trial began. Defense Counsel's motion to see the notes was denied by the trial court. At the conclusion of the presentation of the state's case, the defense moved for a directed verdict of acquittal. Instead of ruling on the motion immediately, the trial court noted that it would take the motion under advisement until the defense rested its case. When the defense did rest, counsel renewed the motion for directed verdict which was denied.
Appellants assert that, on the basis of State v. Johnson, Sup.Ct.Fla. 1973, 284 So.2d 198, they are entitled to a new trial at which the trial court should be instructed to conduct an in camera review of the notes of witness Moss. The Supreme Court in the Johnson case held that the production and use of police statements for impeachment purposes by way of cross-examination is to be allowed in accordance with the sound discretion of the trial court. After carefully scrutinizing the record in this case, we conclude that the learned trial judge did not abuse her discretion. Our holding in this regard is buttressed by the fact that the witness did not utilize the notes in question in the courtroom for the purpose of refreshing his memory while he was testifying. Normally, a witness will not be compelled to produce such notes where they are used solely out of court, unless the trial court in its discretion orders otherwise. (See Kimbrough v. State, Fla. App. 1st 1969, 219 So.2d 122)
One other point remains for our consideration. Appellant Marshall argues that, at best, the evidence adduced by the state at trial established him as a mere broker in the drug transaction which is insufficient to support a conviction for sale of a controlled substance under the holding of this Court in Dent v. State, Fla.App. 1st 1974, 301 So.2d 475. The Dent case involved two separate drug transactions which the defendant arranged. Although the defendant received money as a result of the narcotics purchases, it was clear that he was being compensated not for the sale itself but for his services in arranging the sale. Because the defendant was functioning as a mere broker in the transactions, this Court reversed his conviction for sale of illegal drugs while affirming his conviction for possession. The factual situation in the case sub judice is slightly, yet crucially, different. Here, appellant Marshall told agent Moss that he had some cocaine for sale. Acting under appellant Marshall's express direction, appellant Hanson proceeded to obtain the illegal substance from another room. Under these circumstances, it cannot be said that appellant Marshall was merely acting as a broker.
In any event, the issue has now been resolved adversely to appellants by the Supreme Court of Florida in State v. Dent, Sup.Ct.Fla. 1975, 322 So.2d 543, wherein the Supreme Court held that the conviction of a person for a crime which he did not commit will nevertheless be sustained if the proof reveals that he aided, abetted, or procured its commission. (See also State v. Roby, Sup.Ct.Fla. 1971, 246 So.2d 566)
We note briefly a final point raised by appellant Marshall. He urges that it was error for the trial court to take under advisement his initial motion for a judgment of acquittal made at the conclusion of *116 the state's case instead of immediately ruling thereon. While normally it is the better procedure to rule immediately on such a motion, it is not reversible error to proceed as the learned trial judge did sub judice. When no objection is made, the defendant treats the motion as denied. (Smith v. State, Fla.App. 1st 1972, 265 So.2d 538, 539; quashed on other grounds, Sup. Ct.Fla. 1973, 279 So.2d 27) Here, no objection was raised, and no motion was made to require the court to rule on the motion of acquittal.
Having found that the able and learned trial judge committed no reversible error, we affirm.
Affirmed.
RAWLS and McCORD, JJ., concur.