328 So.2d 465 (1976)
STATE of Florida, Appellant,
v.
Daniel HUBBARD, Appellee.
No. 75-1101.
District Court of Appeal of Florida, Second District.
March 12, 1976.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellant.
Jack O. Johnson, Public Defender, and Dennis P. Maloney, Asst. Public Defender, Bartow, for appellee.
HOBSON, Judge.
This appeal is taken by the State from an order dismissing charges of sale and possession of marijuana against the appellee, Daniel Hubbard. Count IV, charging possession, was dismissed after the State stipulated that a prima facie case for possession did not exist. With respect to the remaining three counts, the factual basis on which the appellee moved to dismiss was provided in the depositions of three police officers. According to the depositions *466 the appellee served as a go-between in a "controlled buy" transaction. He brought the three police officers, acting under cover, to his brother's apartment, where each of the officers purchased a bag of marijuana from the brother. The appellee also quoted the price per bag to the officers. Aside from these two acts, the appellee did not participate in the actual purchase, nor did he receive any compensation from any of the participants. The lower court reluctantly dismissed the three counts of sale solely on the basis of Dent v. State, Fla.App. 1st 1975, 301 So.2d 475, a case factually similar to the one at bar. In the Dent case, the defendant, also a go-between, received compensation from the buyer but not from the seller. The First District reversed his conviction on appeal holding that the evidence was insufficient to support a conviction of sale of drugs. However, this decision[1] was quashed because of its inconsistency with the law in Florida pertaining to aiding and abetting. State v. Dent, Fla. 1975, 322 So.2d 543. See Fla. Stat. § 776.011 (1973); State v. Roby, Fla. 1971, 246 So.2d 566. The Supreme Court stated in Dent:
"Though he received no compensation from the seller, his active complicity clearly aided and abetted the commission of a criminal offense. In fact, the evidence is undisputed that the sales would not have occurred but for respondent's arrangements." 322 So.2d at 544.
Appellee attempts to distinguish the facts in the case at bar from those in the Dent case. He contends that since he received no compensation whatsoever, and merely introduced the police officers to his brother, his participation was de minimus. We do not agree. It is clear from the quoted language in State v. Dent, supra, that the respondent's compensation by the buyer was not determinative of the Supreme Court's ruling. We think that appellee's quotation of the price and his bringing together of the buyers and the seller constitute sufficient involvement to implicate him as a principal in the commission of the offense of sale of marijuana.
Accordingly, we reverse the order of the court below as it pertains to Counts I, II, and III. The State does not contest the court's ruling as to Count IV, having stipulated to the absence of a prima facie case. Therefore, we affirm the dismissal of Count IV.
AFFIRMED IN PART; REVERSED IN PART.
McNULTY, C.J., and SCHEB, J., concur.
NOTES
[1] State v. Dent, Fla. 1975, 322 So.2d 543, had not been published at the time the learned trial judge dismissed the counts.