RAWLS, Acting Chief Judge.
Appellee-defendant Combs was charged by information with the crime of unlawfully selling a controlled substance. By motion to dismiss, Combs contended that his activity in regards to the violation of which he had been accused consisted solely of arranging a meeting between a law enforcement officer and a seller, without payment of any money to him for his part in the transaction. Accordingly, Combs, without any traverse by the state as to his factual allegations, insisted that pursuant to this court’s opinion in Dent v. State, 301 So.2d 475 (Fla.App.1st 1974), his conduct was not within the prohibition of the offense charged. The trial court correctly followed our decision in Dent and dismissed the information. The state now appeals that dismissal.
In' State v. Dent, 322 So.2d 543 (Fla. 1975), the Supreme Court in quashing this court’s opinion, stated:
“The evidence is not in dispute to the effect that respondent took an active part in arranging the sale of narcotics in violation of Florida law. Though he received no compensation from the seller, his active complicity clearly aided and abetted the commission of a criminal offense. In fact, the evidence is undisputed that the sales would not have occurred but for respondent’s arrangements. Under our decision in State v. Roby, 246 So.2d 566 (Fla.1971), respondent’s conviction was proper.”
So, it is settled that the trial judge and this court erred in disposing of the issue involved in the respective cases.
The scholarly brief filed by appellee poses a due process constitutional question based upon the rationale of Bouie v. Columbia, 378 U.S. 347, 84 S.Ct. 1697, 12 L. Ed.2d 894 (1964). Bouie arose out of a “sit-in” demonstration in a drugstore in Columbia, South Carolina. In reversing the state conviction, the Federal Supreme Court discussed “fair notice” requirements as to penal statutes and concluded that a judicial enlargement of a criminal statute, applied retroactively, operates precisely *561 like an ex post facto law, such as Article I, Section 10, U.S. Constitution.
Here, the admitted facts are that Combs “brought Officer Neal to the Capri Motel on North Main Street where the transaction was consummated between Officer Neal and Mr. Barnard . . . and at no time did the Defendant [Combs] deliver to Officer Neal any drugs whatsoever.” Assuming that the state can prove that Combs took an active part in arranging the sale of narcotics in violation of Florida law, it is our opinion that the rationale of Bouie and other authorities espousing the view therein expressed are not applicable to the instant facts.
Pursuant to State v. Dent, 322 So.2d 543 (Fla.1975), the judgment appealed is REVERSED.
MILLS and SMITH, JJ., concur.