371 So.2d 554 (1979)
William STEPHENSON, Appellant,
v.
STATE of Florida, Appellee.
No. 78-2309.
District Court of Appeal of Florida, Second District.
May 30, 1979.
*555 Jack O. Johnson, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender and David A. Davis, Legal Intern, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and C. Marie King, Asst. Atty. Gen., Tampa, for appellee.
OTT, Judge.
Appellant appeals his convictions for sale and possession of marijuana alleging that the court erred in denying his Fla.R.Crim.P. 3.190(c)(4) Motion to Dismiss. We agree as to possession and reverse that conviction. We affirm the sale conviction.
The facts as admitted by the motion show that appellant and a codefendant named Tuck negotiated with two officers of the St. Petersburg Police Department for the sale of a pound of marijuana. Under the arrangement appellant and Tuck were to go to Sarasota to get the marijuana from a supplier. Their supplier required advance payment of the purchase price of $380. The officers handed the cash to Tuck at appellant's request and left to return later for delivery of their purchase. When they returned two hours later to pick up the marijuana, Tuck delivered it to them. Appellant was not there.
We note that a charge of substantive crime may be proved by evidence of aiding and abetting. State v. Roby, 246 So.2d 566 (Fla. 1971). Arrangement or participation in the sale of drugs is sufficient for an aiding and abetting conviction. State v. Dent, 322 So.2d 543 (Fla. 1975); State v. Hubbard, 328 So.2d 465 (Fla. 2d DCA 1976). We hold the above facts sufficient to establish a prima facie case against appellant for sale, and thus, sufficient to withstand a motion to dismiss under Fla.R. Crim.P. 3.190(c)(4).
Appellant, however, is correct that nothing in the facts suggests he had actual or constructive possession of the marijuana. There is no indication that appellant had marijuana in his physical possession or ever did or could exercise control over it. See Daudt v. State, 368 So.2d 52 (Fla. 2d DCA 1979). Thus, a prima facie case for possession was not shown and denial of the motion to dismiss was error.
The judgment and sentence against appellant for sale of marijuana are affirmed; the judgment for possession is reversed and the sentence vacated.
HOBSON, Acting C.J., and DANAHY, J., concur.