625 So.2d 1293 (1993)
Gerry GREENE, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1339.
District Court of Appeal of Florida, Fifth District.
October 29, 1993.
*1294 James B. Gibson, Public Defender and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Barbara C. Davis, Asst. Atty. Gen., Daytona Beach, for appellee.
THOMPSON, Judge.
Gerry Greene ("Greene") appeals the denial of his motion for judgment of acquittal. He was tried and convicted of the first degree felony of trafficking in cocaine in a quantity of 28 grams or more, but less than 200 grams; a violation of section 893.135(1)(b)(1)(a), Florida Statutes (1991). He was sentenced to 25 years in prison as a habitual offender with a mandatory minimum of three years. We affirm.
On 5 February 1992, the St. Johns County Sheriff's Department used a confidential informant to buy cocaine from a residence. The confidential informant was given two marked 20 dollar bills, entered the house and returned with what was suspected to be crack cocaine. Although Michelle Parker sold the cocaine to the confidential informant, she was never arrested in this case. Greene was arrested after a search warrant was executed at this house. Greene was present along with his former wife Lillie Bell Floyd Greene. No drugs were found inside the home, but the two marked 20 dollar bills were found in Greene's wallet.
After securing the residence, the officers searched the curtilage of the property. They cut a padlock off a door to the laundry room and searched inside. During the search of the padlocked laundry room, the police found a box of Tide that contained an Advil bottle with cocaine rocks that were both loose inside the bottle and in a plastic bag. The officers also found some powder cocaine in a plastic bag and in some aluminum foil in the box of Tide. Later, forensic examination located Greene's fingerprint on the aluminum foil. The officers also found a set of Ohaus triple beam balance scales, which are typically used to measure narcotics. A smaller twin beam balance scale was also found. The final evidence found in the laundry room was a beer can that had been made into a pipe that could be used to smoke crack cocaine. The officers later found a key ring with a tag that said "Gerry." On that key ring, there was a key that fit the padlock that was on the laundry room door. Greene was arrested along with his former wife.
Greene was charged with trafficking in cocaine. Prior to a jury trial, Greene filed a *1295 motion to suppress the evidence seized in the search. He argued that there was only circumstantial evidence of his constructive possession of the drugs. His motion was denied and he was tried by a jury. After the state had presented evidence and rested its case, Greene moved for a directed verdict. The motion was renewed after all the evidence was presented and the defense rested. His argument was based upon nonexclusive possession. Arguing that the laundry room was left open during the day for others, including a carpenter who was doing work at the house, and that Lillie Bell Floyd had a key to the laundry room, Greene said there was no proof of exclusive custody or control of the laundry room. He argued that Michelle Parker, the woman who sold the drugs to the officers, did cleaning for him and had access to the house and to the laundry room. He argued that since he often bought food in aluminum foil, his fingerprint could have gotten on the foil at any time and been used by anyone to wrap the cocaine. He testified that the $662.00 in his wallet was from a cashed tax return check and that none of the money came from Michelle Parker. He offered no explanation as to how the marked money came to be in his wallet. Greene concluded by arguing that the circumstantial evidence was insufficient to establish constructive possession. His motions were denied and he was convicted by the jury.
We find that there is sufficient proof of constructive possession and knowledge of the controlled substance to support Greene's conviction. Obviously this case turns on proof of constructive possession of controlled substances. Constructive possession exists where the accused, without physical possession of the controlled substance, knows of its presence on or about the premises and has the ability to maintain control over the controlled substance. Brown v. State, 428 So.2d 250 (Fla.), cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983). In order to prove constructive possession, the state must show that the accused had dominion and control over the contraband, knew of its presence and was aware of its illicit nature. Kuhn v. State, 439 So.2d 291 (Fla. 3d DCA 1983). The state met its burden in this case. In moving for a judgment of acquittal, Greene admits not only the facts stated and the evidence adduced, but he also admits, for the purpose of the motion, every conclusion favorable to the state that a fact-finder might reasonably infer from the evidence. Lynch v. State, 293 So.2d 44 (Fla. 1974); Herman v. State, 472 So.2d 770 (Fla. 5th DCA 1985), review denied, 482 So.2d 348 (Fla. 1986); Brewer v. State, 413 So.2d 1217, 1220 n. 1 (Fla. 5th DCA 1982), review denied, 426 So.2d 25 (Fla. 1983).
The state presented three components in its case to establish that Greene had constructive possession and knowledge of the controlled substance: first, the contraband and paraphernalia were found in a locked laundry room and Greene had a key to the lock; second, Greene's fingerprint was found on foil which contained cocaine; and third, two marked 20 dollar bills were found in Greene's wallet. Greene attempts to deconstruct the state's evidence by citing cases where components of his case were ruled insufficient to show constructive possession or knowledge of the existence of a controlled substance. He cites cases to show that fingerprints on evidence, without additional testimony to show when they got there, are insufficient to sustain a conviction. See Smith v. State, 519 So.2d 750 (Fla. 4th DCA 1988); Kresbach v. State, 462 So.2d 62 (Fla. 1st DCA 1984); Jaramillo v. State, 417 So.2d 257 (Fla. 1982). He argues that where there is nonexclusive possession of a dwelling, it is insufficient proof to infer knowledge of the existence of a controlled substance by the defendant. See Thompson v. State, 375 So.2d 633 (Fla. 4th DCA 1979); Willis v. State, 320 So.2d 823 (Fla. 4th DCA 1975); Smith v. State, 276 So.2d 91 (Fla. 4th DCA), cert. denied, 279 So.2d 879 (Fla. 1973). Finally, he argues that a large sum of money along with marked money in his wallet is insufficient to sustain a conviction. See United States v. White, 493 F.2d 3 (5th Cir.), cert. denied, 419 U.S. 901, 95 S.Ct. 186, 42 L.Ed.2d 147 (1974); Williams v. State, 573 So.2d 124 (Fla. 4th DCA 1991).
We accept the precedent established by each of the cases and we find no fault with the holding in each case cited. Unfortunately for Greene, considering the totality of the *1296 circumstances, this precedent does not support his view of the case. Greene had a key fitting the lock on the door. He testified that there were three keys to the lock on the door and that the carpenter had one of them. Later, he changed his story to reveal that he let the carpenter use his key, but the carpenter never had one. His fingerprint was found on foil containing cocaine and he never explained how the marked money came into his possession. There was inconsistent testimony concerning his employment. Greene testified that he was unemployed at the time of his arrest and later testified that he ran a car wash business. The defendant in a criminal case is not required to prove innocence or to take the stand to testify. However, once the defendant testifies, the jury is entitled to treat the testimony like that of every other witness.[1] The defendant can be evaluated for truthfulness, demeanor, previous felony convictions and inconsistent testimony, and a jury may believe or disbelieve any or all of a defendant's testimony. Greene's story was not believed by the jury.
Based upon the totality of the facts presented, we hold that the state presented sufficient circumstantial evidence so that the jury could exclude every reasonable hypothesis advanced by the defendant to show innocence. The judge correctly discharged his duties by denying the defendant's motion. Once the state presented circumstantial evidence establishing constructive possession, the judge's standard was to evaluate the evidence, in the light most favorable to the state, to see if it supported a conviction. The Florida Supreme Court has written:
It is the trial judge's proper task to review the evidence to determine the presence or absence of competent evidence from which the jury could infer guilt to the exclusion of all other inferences. That view of the evidence must be taken in the light most favorable to the state. The state is not required to `rebut conclusively every possible variation' of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant's theory of events. Once that threshold burden is met, it becomes the jury's duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt.
State v. Law, 559 So.2d 187, 189 (Fla. 1989) (citations omitted). The state met its burden. The conviction is affirmed.
AFFIRMED.
W. SHARP and GRIFFIN, JJ., concur.
NOTES
[1] See Fla.Std.Jury Instr. (Crim.) 18.