DANAHY, Acting Chief Judge.
Tommy Lee Dunlap received a subpoena while he was an inmate serving a sentence in the custody of the Department of Corrections. This subpoena required his appearance in circuit court in Highlands County to testify on behalf of the State in the case of State v. Wooden. He was transported from the custody of the Department of Corrections to the custody of the Sheriff of Highlands County to testify in court. When he was returned to prison following his compliance with the subpoena, the Department of Corrections refused to grant him incentive gain time for the days he had been in the custody of the Sheriff of Highlands County. The Department claims that administrative rule establishes this policy and procedure. See Fla.Admin.Code R. 33-11.0065(5)(b) (“Inmates who are out of the department’s custo *590 dy during the month on escape, out-to-court status, or on furlough shall not be eligible to receive incentive gain-time for that period of the month.”). Dunlap filed a motion with the trial court in State v. Wooden to require the Department to restore his lost gain time as if he had remained in the Department’s custody. The trial court granted his motion and filed the requested restoration of gain-time order without notice to the Department.
It may seem unfair for the State to cause the removal by subpoena of an inmate from the custody of the Department to be a State witness and then penalize the inmate by withholding gain time. Regardless of this, the Department had every right to do so, and the trial court erred by interfering with that right by restoring Dunlap’s gain-time. The authority to regulate gain-time resides exclusively within the Department of Corrections pursuant to chapter 944, Florida Statutes (1993). Only the Department has “the ability to award, forfeit, or restore gain-time.” State v. Green, 547 So.2d 925, 927 (Fla.1989); Singletary v. Coronado, 673 So.2d 924 (Fla. 2d DCA 1996).
We vacate the trial court’s order and remand for further proceedings consistent with this opinion.
SCHOONOVER and THREADGILL, JJ., concur.