ALTENBERND, Judge.
Gerry B. Greene petitions this court for a writ of certiorari with respect to the circuit court’s denial of his petition for writ of habeas corpus. The habeas petition in the circuit court challenged the Department of Corrections’ disapproval of Mr. Greene’s request for the restoration of gain time that the Department forfeited after the Florida Parole Commission revoked his conditional release. Because Mr. Greene does not assert that the circuit court failed to afford him procedural due process and he has not established that the circuit court failed to observe the essential requirements of law resulting in a miscarriage of justice, we deny the petition for writ of certiorari. We write to explain the Department’s process for restoration of such gain time and to memorialize all of Mr. Greene’s filings in the event that he continues with similar filings. From this record, it would appear that Mr. Greene would be more likely to obtain a restoration of gain time by focusing his energy on exceptional conduct within his facility and not on exceptional litigation in the courts.
In May 1992, a circuit court in St. Johns County sentenced Mr. Greene to twenty-five years in prison as a habitual offender for trafficking in cocaine. The offense occurred in February 1992.[1] He served about fifteen years of this sentence before being released on conditional release in August 2007. See § 947.1405, Fla. Stat. (1991).
Less than three years after his release, a Flagler County deputy sheriff arrested Mr. Greene for petit theft and burglary. While those charges were pending, his conditional release officer filed a violation report with the Commission, commencing the revocation proceedings. See, e.g., Fla. Admin. Code R. 23-23.011 (2009) (concerning the procedure for the revocation of conditional release). Mr. Greene waived his right to have a hearing on the alleged violations, and in February 2010 the Commission revoked Mr. Greene’s conditional *47 release effective September 1, 2009.[2] When Mr. Greene returned to custody, the Department forfeited his gain time. See § 944.28, Fla. Stat. (1991) (concerning the Department’s authority to declare a forfeiture of gain time, without notice or a hearing, upon revocation of conditional release). Since then, Mr. Greene has sought various types of relief with respect to the revocation of his conditional release and the handling of his gain time.[3]
*48 This certiorari proceeding concerns the handling of Mr. Greene’s gain time. He initially requested the restoration of forfeited gain time on a form that he submitted to the Department on either August 31 or September 1, 2010. This apparently was the earliest possible time that he could make the request. The Department rejected this request without providing a written response to Mr. Greene, and he filed a grievance. In response to the grievance, the Department advised him to resubmit his request, which he did in October 2010. His prison’s institutional classification team (“ICT”) reviewed his request and rejected it, explaining its reasons in a written memorandum dated November 29, 2010.[4] He then filed an administrative appeal with the Department, which was denied.
Mr. Greene, who was and is imprisoned in Polk County, challenged the Department’s denial by filing a petition for writ of habeas corpus with the circuit court in Polk County, which was docketed by the Polk County Clerk of Courts as circuit court case number 2011CA-000036.[5] Mr. Greene’s initial petition for writ of habeas corpus in the case was dismissed without prejudice and he thereafter filed another petition for writ of habeas corpus in the case. The circuit court reviewed the latter petition and issued an order to show cause to the Department why Mr. Greene was not entitled to some relief. As part of its response, the Department actually required the ICT to conduct a reconsideration of its ruling. The reconsideration did not alter the ruling but generated a supplemental memorandum explaining the ICT’s ruling in greater detail. After considering the Department’s response and Mr. Greene’s reply, the circuit court denied Mr. Greene’s petition.[6] Mr. Greene thereafter filed this petition for writ of certiorari challenging the circuit court’s denial of his petition for writ of habeas corpus.
In his petition for writ of habeas corpus, Mr. Greene claimed that he would be eligible for immediate release if the Department had properly processed his request for restoration of gain time. He claimed that the Department had not followed its own rules in handling his request. The circuit court essentially concluded that Mr. Greene had not demonstrated that he was entitled to restoration of his gain time or to relief that might be available by a peti *49 tion for writ of habeas corpus, and it denied the petition.
Mr. Greene’s position, at its core, is that he qualified for the restoration of his forfeited gain time under the Department’s rules and thus the rules required that his request be forwarded to the final approving authority and then granted.[7] His position is incorrect for at least two reasons.[8]
First, except in circumstances for which restoration of forfeited gain time is entirely prohibited, which is not the case here, the restoration of forfeited gain time in cases of conditional release revocation is a matter of discretion by the Department. See § 944.28(1), (3), Fla. Stat. (2010). Thus, if the Department has properly revoked a defendant’s conditional release, it is not required to restore the forfeited gain time; the defendant has no right or entitlement to the restoration. The Department simply cannot be compelled to restore Mr. Greene’s forfeited gain time. See, e.g., Singletary v. Dunlap, 701 So.2d 589 (Fla. 2d DCA 1997).
Second, although Mr. Greene demonstrated that the ICT had made one error in applying the Department’s rules to the facts of his case, the ICT articulated additional bases for disapproving Mr. Greene’s request. These other bases supported the ICT’s decision that Mr. Greene was not eligible for restoration of the forfeited gain time.
The Department’s administrative rules address the restoration of gain time. See Fla. Admin. Code R. 33-601.105. The applicable rule contains a provision that allows an inmate to submit a request for the restoration of gain time if the inmate believes he or she is eligible, but the rule contains a qualifier: “There is no entitlement for consideration based upon an inmate’s request.” Fla. Admin. Code R. 33-601.105(3)(b).
That said, in order even to be eligible for restoration, the inmate must satisfy the criteria set forth in subparts (1) and (2) of the rule. Subpart (1) of the rule states:
Restoration of gain time as a positive management tool. Gain time that has been forfeited under the current commitment as a result of ... revocation of ... conditional release shall be subject to restoration when the restoration would produce the same or greater benefits as those derived from the forfeiture in the first place. Only those inmates whose adjustment and performance since their ... revocation of ... conditional release has exceeded that which is required to comply with all the behavioral objectives are eligible for consideration. The restoration shall only be considered when the inmate has clearly performed positively over a period of time and it appears the inmate will continue this positive adjustment without further violating the rules of the department or the laws of the state and the inmate is serving that portion of the sentence which, but for the forfeiture of gain time, would have been completed.
Fla. Admin. Code R. 33-601.105(1).
Subpart (2) of the rule includes similar considerations but also lists other criteria. *50 Among those is the criterion that “[tjhere must be a minimum of one year from the effective date of the parole revocation, probation revocation, community control revocation, or violation of the conditions of provisional release, supervised community release, conditional medical release, control release, or conditional release.” Fla. Admin. Code R. 33~601.105(2)(b)(l).
Finally, the rule describes a mechanism to process the request. Fla. Admin. Code R. 33-601.105(3). It states:
(3) How processed.
(a) Restoration of gain time will be considered only when the inmate has met the criteria specified in subsections (1) and (2) of this rule.
(b) There is no entitlement for consideration based upon an inmate’s request.
(c) If an inmate believes that he or she is eligible for restoration of forfeited gain time, the inmate must make a request for restoration on Form DC6-236, Inmate Request, and submit the request to his or her classification officer. Requests submitted to other department staff will not be processed. Form DC6-236 is incorporated by reference in Rule 33-103.019, F.A.C.
(d) If the inmate meets the criteria in subsection (2), the classification officer shall forward the request to the institutional classification team (ICT) with a recommendation either for or against restoration. If the inmate does not meet the criteria in subsection (2), the classification officer shall return the request to the inmate, indicating in writing which criteria is not met.
(e) The ICT shall consider the request based upon the criteria in subsections (1) and (2). If the ICT recommends restoration of forfeited gain time, the recommendation shall be forwarded to the final approving authority for final action. If the ICT does not make a recommendation for restoration to the final approving authority, the request shall be returned to the inmate along with the basis for the denial.
(f) The final approving authority for restoration of forfeited gain time will be the Assistant Secretary of Institutions or designee. Upon receipt of the recommendation from the ICT, the final approving authority shall approve or deny the recommendation based upon the criteria in subsections (1) and (2).
(g) The institution where the inmate is assigned will be notified and the facility staff will notify the inmate of the decision and the basis for the decision.
Fla. Admin. Code R. 33-601.105(3)(a)-(g).
The ICT’s initial rejection memorandum mentioned two reasons for its rejection of Mr. Greene’s request. One of the reasons was that Mr. Greene failed to meet the one-year minimum requirement in rule 33-601.105(2)(b)(l). In reconsidering Mr. Greene’s request, the Department recognized that this subpart of the rule was written such that the one-year period was measured from the date of the violation rather than from the date upon which the conditional release was revoked. Thus, the ICT was mistaken when it determined that Mr. Greene had not met this criterion.
But other reasons provided by the ICT supported its decision that Mr. Greene was not eligible for restoration of the forfeited gain time. In its initial rejection memorandum, the ICT explained that it “felt that the short period of time [Mr. Greene had] served since returning on violation of Conditional Release [did] not meet the criteria noted in” subpart (1) of the rule. In its subsequent memorandum on reconsideration of Mr. Greene’s request, the ICT determined that Mr. Greene’s performance upon return to prison did not exceed that which was required *51 to comply with all behavioral objectives inasmuch as Mr. Greene had not participated in any self-betterment programs available to assist him with his eventual reentry into the community. This criterion is set forth in subpart (2). It states:
The inmate’s adjustment and performance must exceed that which is required to comply with all behavioral objectives since return as a parole, probation, community control, provisional release, supervised community release, conditional medical release, control release, or conditional release violator....
Fla. Admin. Code R. 33-601.105(2)(b)(3) (emphasis added).
After considering the criteria in subsections (1) and (2), the ICT did not recommend restoration. Under rule 33-601.105(3)(e), the ICT must forward its recommendation for restoration. Because it did not recommend restoration, pursuant to this rule it did not forward Mr. Greene’s request to the final approving authority.
It is clear that the Department has great discretion in making these decisions. Absent some extraordinary error or perhaps a patently arbitrary and capricious application of its rules, the circuit court will have very limited power when considering a petition for writ of habeas corpus seeking to overrule a decision addressing restoration of gain time. Even if a circuit court determined that some relief were appropriate, the relief would not come from the circuit court. See, e.g., Dunlap, 701 So.2d at 590. That court could, at most, instruct the Department to perform its review a second time with closer consideration of its own rules.
In his habeas petition, Mr. Greene made the conclusory assertion that he met all of the criteria in subparts (1) and (2) of rule 33-601.105, and he asserted that the ICT was thus required to forward his request to the final approving authority “who also must grant the restoration of [his] gain-time, pursuant to F.A.C. 33.601.105(3)(f), to do otherwise would be an abuse of discretion.” Mr. Greene was simply incorrect. Thus, Mr. Greene has not and cannot establish that the circuit court’s ultimate conclusion is a departure from the essential requirements of the law resulting in a miscarriage of justice.
We would suggest that Mr. Greene reflect on that part of the Department’s rules that explains: “The restoration shall only be considered when the inmate has clearly performed positively over a period of time and it appears the inmate will continue this positive adjustment without further violating the rules of the department or the laws of the state.” Fla. Admin. Code R. 33-601.105(1). His best hope for early release is dependent upon his own positive performance in his facility.
Mr. Greene’s petition for writ of certio-rari is denied.
KELLY and KHOUZAM, JJ., Concur.

. See Greene v. State, 625 So.2d 1293 (Fla. 5th DCA 1993) (affirming conviction for first-degree felony trafficking in cocaine). See also Greene v. State, 919 So.2d 565, 565 (Fla. 5th DCA 2006) (denying petition for writ of habe-as corpus and prohibiting "further pro se pleadings or filings relating to circuit court case number 92-287”); Greene v. State, 716 So.2d 279, 279 (Fla. 5th DCA 1998) (affirming order that denied defendant's motion to correct sentence and prohibiting defendant "from filing in this court any further pro se petitions or appeals regarding the sentence imposed in Circuit Court Case No. CF92-287” because he "abused the judicial process by filing successive post-conviction pleadings raising the same sentencing issues”).

. Apparently, the charges in Flagler County remained pending for a long time, but they have now been dismissed.

. Mr. Greene has filed multiple petitions with this court. We have taken judicial notice of our files in each of the cases addressed in this footnote. Generally, the cases can be divided into four categories: (1) filings related to the claim that Mr. Greene’s status as a habitual offender should not have precluded him from receiving basic gain time; (2) filings related to the Commission’s revocation of Mr. Greene’s conditional release; (3) filings related to the Department’s forfeiture of Mr. Greene's gain time upon the revocation of his conditional release; and (4) filings related to Mr. Greene’s efforts to obtain restoration of his forfeited gain time.
Category (1). In case number 2D 11-293, Mr. Greene obtained certiorari review of an order in which the circuit court denied one of Mr. Greene’s multiple petitions for writ of habeas corpus. In the habeas proceeding, Mr. Greene asserted, in part, that he had not been awarded basic gain time on his 1992 sentence and that if he were given his basic gain time he would be entitled to immediate release from prison. Mr. Greene argued below and in the certiorari proceeding that he was entitled to basic gain time notwithstanding the fact that he was sentenced as a habitual offender and thus ineligible for an award of basic gain time under the statutes in effect at the time he committed his offense. See § 775.084(4)(e), Fla. Stat. (1991). In the cer-tiorari proceeding, Mr. Greene acknowledged that his gain time had been forfeited after the revocation of his conditional release, but he did not present an argument specifically directed to the forfeiture. This court denied Mr. Greene’s petition for writ of certiorari in case number 2D 11-293. Greene v. Buss, 63 So.3d 763 (Fla. 2d DCA 2011) (table decision). We also entered an order granting Mr. Greene’s motion to dismiss and dismissing a related petition for writ of mandamus in case number 2D 10-6198. Greene v. State, 52 So.3d 666 (Fla. 2d DCA 2011) (table decision).
Category (2). In case number 2D12-1511, Mr. Greene obtained certiorari review of a circuit court order that denied a petition for writ of habeas corpus in which Mr. Greene challenged the revocation of his conditional release. This court denied Mr. Greene’s petition for writ of certiorari. Greene v. Fla. Parole Comm’n, No. 2D12-1511, 99 So.3d 951, 2012 WL 3740721 (Fla. 2d DCA Aug.29, 2012) (table decision). We also entered an order dismissing a related petition for writ of mandamus in case number 2D12-784, see Greene v. State, 86 So.3d 1125 (Fla. 2d DCA 2012), and another order in case number 2D12-965 denying a petition for writ of mandamus that was duplicative of the petition in case number 2D 12-784 and that also related to case number 2D12-1511, see Greene v. State, 90 So.3d 285 (Fla. 2d DCA 2012). Mr. Greene filed an "emergency petition for writ of habeas corpus” docketed by this court as case number 2D12-2276, which also concerned the revocation of his conditional release, and this court entered an order denying Mr. Greene’s “emergency” petition. Greene v. Fla. Parole Comm’n, 86 So.3d 1125 (Fla. 2d DCA 2012) (table decision). A currently pending but unperfected appeal also appears to concern the revocation of Mr. Greene’s conditional release. Greene v. State, No. 2D 12-2194 (Fla. 2d DCA filed April 26, 2012). Thus, issues related to the Commission’s revocation of Mr. Greene’s conditional release should be nearing an end.
Category (3). In case number 2D 11-4861, Mr. Greene obtained certiorari review of a circuit court order that denied a petition for writ of habeas corpus in which the circuit court noted that Mr. Greene's gain time had been properly forfeited. This court denied Mr. Greene's petition in case number 2D 11-4861. Greene v. State, 88 So.3d 942 (Fla. 2d DCA 2012) (table decision).
Category (4). The present case (no. 2D 11-4565) falls in this category. We previously entered an order in a related matter, case number 2D 11-600, in which we denied as moot Mr. Greene’s petition for writ of mandamus involving the same circuit court case *48 number (no. 2011CA-000036, Polk County) as that in the present certiorari proceeding. Greene v. State, 60 So.3d 1062 (Fla. 2d DCA 2011) (table decision).

. The ICT is defined in the 2010 Florida Administrative Code Rule 33-601.209 as "the team consisting of the warden or assistant warden, classification supervisor, a correctional officer chief, and other members as necessary when appointed by the warden or designated by rule.”

. A petition for writ of habeas corpus is the proper mechanism for an inmate to challenge the Department's deprivation of the inmate's gain time if a prisoner’s sentence would have expired had the Department properly awarded gain time. See Stovall v. Cooper, 860 So.2d 5, 7 (Fla. 2d DCA 2003) (distinguishing a petition for writ of mandamus from a petition for writ of habeas corpus in the context of an action that sought review of a gain-time decision after the exhaustion of all administrative remedies). Polk County was the proper venue for Mr. Greene's petition. See Bush v. State, 945 So.2d 1207, 1213 n. 11 (Fla.2006) (quoting section 79.09, Florida Statutes (2005), the supreme court explained in dicta that “a habeas petition filed in circuit court alleging entitlement to immediate release ‘shall be tiled with the clerk of the circuit court of the county in which the prisoner is detained' ”).

.Because of the volume of filings related to Mr. Greene's cases, we note that the order denying Mr. Greene's petition in this case was rendered on August 29, 2011.

. Mr. Greene also asserted a number of procedural arguments below and in this certiora-ri proceeding that we have not addressed in this opinion because they are based on Mr. Greene’s misapplication of the law and they are completely meritless.

. We acknowledge that we have provided a review more expansive than required in a certiorari proceeding. We have done so simply to clarify our analysis. Certainly, if Mr. Greene is entitled to no relief under the reasoning discussed in this opinion, he would be entitled to no relief under a more stringent certiorari review.