SCHWARTZ, Senior Judge.
Stevens appeals from three convictions and a fifteen-year concurrent sentence for possession of cocaine, marijuana, and a controlled substance without a prescription. Because his trial motions for judgment of acquittal should have been granted, we reverse.
The only connection between Stevens and the drugs was that he had a key to, but had not entered the front door of the apartment in which the drugs were kept, in plain view.[1] As in the cases of a next-door neighbor, a housekeeper, or a landlord who may have been given a key to certain premises and thus, has access to anything within, the fact that one has “access” to contraband or, as in this case, merely to the place where the contraband is located, is simply not a crime, or even an element of a crime, under the law of Florida. Specifically, “constructive” possession, as the state claims in this case, requires, among other things, evidence that one knows of the presence and has dominion and control over the contraband. There was no evidence of any of this at the trial. See Jennings v. State, - So.3d - (Fla. 3d DCA 2013); see also § 893.101(1)-(2), Fla. Stat. (2006); People v. Macias, 299 Ill.App.3d 480, 233 Ill.Dec. 569, 701 N.E.2d 212 (1998) (state’s proffer of evidence that defendant had keys and thus had access to the apartment where narcotics were found, with nothing more, was insufficient to prove defendant had knowledge of the narcotics and control of the area where they were found); Commonwealth v. Sespedes, 442 Mass. 95, 810 N.E.2d 790 (2004) (defendant’s possession of keys to apartment where hidden drugs were discovered was, without more, insufficient to prove constructive possession). See generally Nicholas v. State, 47 So.3d 297 (Fla. 2d DCA 2010); Loyd v. State, 677 So.2d 76 (Fla. 2d DCA 1996); Green v. State, 667 So.2d 208 (Fla. 2d DCA 1995). Obviously distinguishable are (a) cases in which defendant’s possession of a key to the area is but one of several factors which, together, create a cognizable issue of guilt, see Greene v. State, 625 So.2d 1293 (Fla. 5th DCA 1993); Commonwealth v. Delarosa, 50 Mass.App.Ct. 623, 740 N.E.2d 1014 (2000); and (b) instances in which the defendant is found inside the room in which contraband is plainly- visible. See Bradshaw v. State, 509 So.2d 1306 (Fla. 1st DCA 1987).
In the absence of evidence of guilt, the convictions and sentence below are reversed with directions to discharge the defendant.
Reversed and remanded.[2]

. For unexplained reasons, the only witness called by the state (or anyone) was a police officer who had entered the room which contained the drugs while duly executing a search warrant. He was able to testify only to those bare facts plus his receipt of an obviously hearsay statement, ostensibly from a fellow officer, who told him that Stevens had been arrested at "the threshold of the door” in possession of the key and $833.00 in cash. (We need not dwell upon the state’s only defense of the admission of this testimony, that the objection was not properly preserved below, because even if this is correct, which we doubt, the statement contains no evidence of the defendant's guilt.).

. Since the appellant is incarcerated on these charges, it is ordered that he be released *1260 immediately regardless of the filing or consideration of a motion for rehearing.